[No. 3,502.]

# CHARLES McDONALD v. PHILIP BACKUS AND RICHARD S. SWAIN.

PLEA OF NON-JOINDER, IN ABATEMENT.—A plea in abatement by the defendants sued, of the non-joinder of other parties who are alleged to be necessary defendants, if proved on the trial, must prevail, even if the plaintiff was ignorant of the fact that such other parties were necessary defendants.

PARTIES TO FORECLOSURE OF MECHANICS' LIEN.—If a mechanic, in his claim filed under the Act of 1868 to obtain a lien, states the name of the person by whom he was employed, and it turns out that such person was a member of a firm, and employed him on behalf of the firm, the mechanic, in an action to enforce the lien, may and should make all the members of the firm defendants, notwithstanding the name only of the one by whom he was employed appears in the claim filed with the Recorder.

STATEMENT OF NAME OF EMPLOYER IN MECHANICS' LIEN.—The clause in the Act of 1868, concerning mechanics' liens, which requires the person filing a claim for a lien to state therein the name of the person by whom he was employed, is intended to require the statement of a mere fact, and not of a conclusion of law.

MISTAKE IN USE OF WORD. -A mere mistake in the use of a word in a claim filed to secure a mechanics' lien will not vitiate it, but the Court will insert the word intended to be used.

Appeal from the District Court of the Twentieth Judicial District, County of Santa Clara.

The plaintiff recovered judgment in the Court below, and the defendants appealed.

The other facts are stated in the opinion.

*D. M. Delmas*, for Appellant.

The statute requires that all persons personally liable shall be made parties. (Laws 1867–8, p. 592.) Froment and Veuve were personally liable. The objection that they were liable not appearing on the complaint could only be taken by answer. (*Scranton* v. *Mechanics' Bank*, 33 Barb. 531; Story's Eq. Pl., Sec. 236.)

*J. Alexander Yoell*, for Respondent.

By the Court:

This is an action to enforce a mechanic's lien under the Act of March 30th, 1868, "for securing liens of mechanics and others." (Stats. 1867–8, p. 589.)

The defendant Backus was the person for whom the house was built, and he had contracted with the copartnership firm of E. Froment & Co., lumber dealers, to erect it, and was by his first contract to pay them about eight hundred and eighty-five dollars for its construction to a certain stage of completion. Afterwards additional work was contracted for, and the sum to be received by Froment & Co. was increased to one thousand and forty dollars. The defendant Swain was a member of the contracting firm, and the plaintiff was employed by him to plaster the house, and performed that service, for which the plaintiff became entitled to be paid some seventy-six dollars, and within thirty days after finishing his work he filed with the County Recorder his claim therefor, in accordance with the provisions of the fifth sec-

tion of the Act.   It appears by the complaint, that in his claim as filed he stated the name of the person by whom he was " *occupied* " (by which term we understand " *employed* "), stating the name of Richard S. Swain as the name of the person by whom he was employed to do the work.   The plaintiff subsequently commenced the action, making Backus the sole defendant therein.   A demurrer having been interposed for a defect of parties defendant, in that it appeared upon the face of the complaint that Swain was a necessary party defendant, as being personally liable, the latter was thereupon made a defendant by amendment to the complaint.   The defendants, Backus and Swain, then filed an answer, in which, among other defenses, they averred that the defendant Swain was a member of the copartnership firm of Froment & Co., composed of Froment, Veuve, and Swain, and that these persons were necessary parties to the action. This defense appears by the bill of exceptions to have been established at the trial of the action, but the Court below would seem to have disregarded the defense of non-joinder of Froment and Veuve as parties defendant, on the ground that "the plaintiff did not know that they were the contractors."

In this ruling we think there was error.   The plea of non-joinder of necessary parties defendant in an action, if otherwise well taken, must prevail, irrespective of whether the plaintiff theretofore knew of the existence of the matter pleaded or not.   The case was argued for the respondent here as though this defense of the non-joinder of Froment and Veuve, should it prevail, would operate to practically defeat the action, and this view proceeded upon the assumption that inasmuch as the claim of the plaintiff, as filed in the office of the County Recorder, set forth that he had been employed by *Swain*, and did not state his employment to have been by *E. Froment & Co.*, the plaintiff could not maintain the action against the latter.   We do not so interpret

the statute. The fifth section, already referred to, required the plaintiff in filing his claim, to state "the name of the *person* by whom he was employed, or to whom he furnished the materials." This is intended to be the statement of a fact, and not of a mere conclusion of law. If the plaintiff was in fact employed by Swain, he was only required to, so state. If Swain, however, was a member of a business firm, and if his act in employing the plaintiff would, in point of law, operate to bind his copartners, it would only result that the copartnership firm should be made defendants in the action under the fifth subdivision of section ten of the statute referred to, and the mere failure to allege in terms in the claim filed in the Recorder's office that the employment of the plaintiff was made by the firm, should not embarrass the plaintiff in obtaining the relief sought.

The judgment must be reversed without costs, and the cause remanded for further proceedings, and it is so ordered.