JOSEPH P. HAYS, APPELLANT, v. THOMAS MERCIER ET
AL., APPELLEES.

1.  **Appeal:** MOTION FOR NEW TRIAL: BILL OF EXCEPTIONS.
    Where plaintiff filed his petition in equity in the district court,
    and to which defendant presented a demurrer, the ground of
    demurrer being that the petition did not state the facts suffi-
    cient to constitute a cause of action, and such demurrer being
    sustained, it was held that neither a motion for a new trial nor
    bill of exceptions was necessary in order to obtain a review in
    the supreme court by appeal.

2.  **Mechanic's Lien:** AFFIDAVIT. An affidavit for a mechanic's
    lien in the following form:

    "STATE OF NEBRASKA, ⎱ ss.
        CHASE COUNTY.     ⎰

    "J. P. Hays, being first duly sworn, on his oath says, that the
    foregoing account of work, labor, and skill is a true and correct
    account of the work, labor, and skill done and performed and
    furnished by this affiant for the said Thomas Mercier, under a
    verbal contract for the erection of a storehouse building for the
    said Thomas Mercier, upon the following described lot, piece, or
    parcel of land, viz.: Lot number one in block number four in
    the town of Imperial, Chase county, Nebraska, according to the
    recorded plat and survey of said town, now of record in the office
    of the county clerk of said county. And this affiant further
    says that he has and does hereby claim a lien on the said prem-
    ises as above described for the full amount of his said account
    for labor, work, and skill, to-wit, the sum of $161.50, together
    with interest thereon at the rate of 7 per cent per annum from
    this date, and further affiant says not." *Held*, Sufficient when
    assailed by demurrer.

APPEAL from the district court of Chase county. Tried below before COCHRAN, J.

*C. W. Meeker* (*E. W. Metcalfe* with him), for appellant, cited: *Griggs v. LePoidevin*, 11 Neb., 385. *Hardy v. Miller*, Id., 395. *Bourgette v. Hubinger*, 30 Ind., 304. *Great Western Mnfg. Co. v. Hunter Brothers*, 15 Neb., 32. *Doolittle v. Plentz*, 16 Id., 153. *Peck v. Hensley*, 21 Ind., 344. *Manly v. Downing*, 15 Neb., 637. Kneeland Mechanic's Lien, Sec. 269.

*Henry F. Williams*, for appellees, cited: Kneeland, 27, 221. *Grant v. Vandercook*, 57 Barb., 165. *Muldoon v. Pitt*, 54 N. Y., 269. *Anderson v. Knudsen*, 33 Minn., 172. *Rugg v. Hoover*, 28 Id., 404. *Davis v. Livingston*, 29 Cal., 283.

REESE, J.

This action was commenced in the district court of Chase county, and was for the foreclosure of a mechanic's lien. The action is against Thomas Mercier, as owner of the property, and Mary J. Mercier. John M. H. Hooker and Hannibal H. Whitman are made defendants, as owners of some interest in the property. Hooker filed his separate answer setting up a mechanic's lien as sub-contractor. Thomas Mercier and Mary J. Mercier filed a general demurrer to the petition. The demurrer was sustained and plaintiff's cause dismissed, from which he appeals to this court.

Since the filing of the case in the supreme court, Thomas and Mary Mercier appeared specially, and filed their objections to the jurisdiction of the court. This objection is based upon four alleged causes : "*First.* No exception was taken to the decision of the court in which the cause was tried at the time the judgment was rendered, nor at any time. *Second.* No bill of exceptions is on file in this cause.

42

*Third.* No relief was asked by appellant in the district court. *Fourth.* No motion for a new trial was filed in the district court."

As to the first exception, that no exception was taken to the decision of the court, we find it is not sustained by the record, from which we quote the following: "This cause having been submitted to the court on the demurrer to the petition, on consideration thereof the court does sustain the same so far as it relates to the mechanic's lien, and the plaintiff not desiring to prove his claim as to the account set up in the said petition, and not desiring to amend his petition, it is ordered by the court that said action be dismissed, and that defendant recover from the plaintiff his costs herein expended and taxed at $7.33, to all of which ruling of the court in sustaining said demurrer plaintiff then and thereupon duly excepted." This was sufficient.

As to the second ground of objection, that there is no bill of exceptions filed in this case, it must be sufficient to say that none is required.

The third ground of objection is not sustained by the record. It can serve no important purpose to quote the petition at length, but we find in it the allegation of the essential facts, the usual prayer for an accounting, and that the " amount found due be declared a lien upon the property described, in case the amount found due is not paid within a time to be fixed by the court, that the premises be sold, and the proceeds be applied to its payment, and such other and further relief as equity and justice may require."

As to the fourth ground, no motion for a new trial was necessary.

The objection to the jurisdiction of the court is, therefore, overruled.

The allegations of the petition filed in the district court were to the effect that plaintiff had performed certain work for defendant in the construction of a building upon lot one in block four in the original town of Imperial; that

the total value of the services rendered was $411.18; that there had been paid thereon the sum of $249.61; that a balance of $161.57 remained unpaid. It was alleged that this work was performed under and by virtue of a verbal contract with the defendant, the owner of the building, for the same, and that the necessary affidavit had been filed in the office of the county clerk by which to perpetuate the lien. The petition seems to contain all the averments which could be required in a case of this kind. But it is claimed that the affidavit for the mechanic's lien, filed in the office of the county clerk, was insufficient. This affidavit is as follows:

"STATE OF NEBRASKA, ⎫ ss.
    CHASE COUNTY.   ⎬
                    ⎭

"J. P. Hays, being first duly sworn, on his oath says that the foregoing account of work, labor, and skill is a true and correct account of the work, labor, and skill done and performed and furnished by affiant for the said Thomas Mercier, under a verbal contract for the erection of a storehouse building for said Thomas Mercier upon the following described lot, piece, or parcel of land, viz.: Lot number one in block number four in the town of Imperial, Chase county, Nebraska, according to the recorded plat and survey of said town now of record in the office of the county clerk of said county, and that this affiant further says that he has and does hereby claim a lien on the said premises as above described for the whole amount of his said account for labor, work, and skill, to-wit, the sum of $161.57, together with interest at the rate of 7 per cent per annum to this date, and further affiant says not."

This affidavit is subscribed and sworn to in the usual form. The account is attached to the affidavit showing the debits and credits thereon.

As we understand the case presented, defendant offers but one objection to the affidavit, and that is, that it is not alleged therein that Thomas Mercier was the owner of the

property upon which the labor was bestowed. The recitals of the affidavit are, that the labor was furnished to said Thomas Mercier, under a verbal contract for the erection of the storehouse building for said Thomas Mercier upon the lot therein described. As has been frequently said by this court, the mechanic's lien law of this state is a remedial statute, and must be liberally construed in furtherance of justice. The demurrer admitted all the material allegations of the petition, the ownership of Mercier being therein alleged is admitted of record, and the only question to be here considered is whether or not, as between the parties to the contract, it is necessary that the affidavit by which a lien is sought to be perpetuated should contain the averment that the person with whom the contract was made and for whom the labor was performed was the owner of the property against which the lien is sought to be established.

Section 3 of chapter 54 of the Compiled Statutes of 1885, entitled "Mechanics' and Laborers' Liens," is in part as follows: "Any person entitled to a lien under this chapter shall make an account in writing of the items of labor, skill, machinery, or materials furnished, or either of them as the case may be, and after making oath thereto, shall, within four months of the time of performing such labor and skill, or furnishing such machinery or material, file the same in the county clerk's office of the county of which such labor, skill, and materials shall have been furnished, which account so made and filed shall be recorded in a separate book to be provided by the clerk for that purpose, and shall from the commencement of such labor or the furnishing of such materials for two years after the filing of such lien, operate as a lien on the several descriptions of such structures and buildings and the lots on which they stand, as in the first section in this chapter named."

While it would no doubt be good practice in an affidavit for a mechanic's lien to make the direct averment that the

person with whom the contract was made was the owner of the property, yet we find nothing in the statute which would require a technical averment as to such ownership. The language of the law is, "that the person entitled to a lien shall make an account in writing of the items of his labor, skill, machinery, or materials, and after making oath thereto," that is to the account, "shall file the affidavit," or rather the account so verified, "in the office of the county clerk." It is true that the allegation of ownership is an essential averment to the maintenance of the action. But this averment, in our opinion, is required only in the petition for the foreclosure of the lien. The petition in this case contains all necessary averments upon this subject. To the petition alone, then, when assailed by demurrer, must we look.

While it is not our purpose to dispose of this case on that ground, yet we feel inclined to remark, that the question here presented cannot properly arise upon demurrer, but must be a question of the admissibility of the evidence upon which the lien is sought to be foreclosed. Waiving this consideration, however, we hold that the affidavit was sufficient, and the demurrer should have been overruled.

The judgment of the district court is reversed, and the cause is remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.