## J. J. BLATTNER v. J. B. WADLEIGH.

MECHANIC'S LIEN—*Invalid Statement.* A statement of a mechanic's lien, under § 632 of the code, (Comp. Laws of 1885,) that does not charge some particular person by name as the owner of the property upon which a lien is sought to be taken, is invalid, and does not create a lien.

*Error from Geary District Court.*

THE opinion states the case.

*Thomas Dever,* for plaintiff in error.

*J. R. McClure,* for defendant in error.

Opinion by SIMPSON, C.: On the 11th day of January, 1889, J. B. Wadleigh, as plaintiff, commenced this action against William Imbody, Ed. Durbon, S. J. Cameron, B. F. Roberts, the Badger Lumber Company, Oscar R. Stone and J. J. Blattner to foreclose the mechanic's lien of Ed. Durbon, that had been assigned to Wadleigh, on lot 7, in block 26, in Cuddy's addition to Junction City, said lien originating on a contract made by Durbon with Wm. Imbody for the construction of a building on said lot. He alleged that Durbon complied with his contract, as provided by its terms, and completed the building about the 30th day of September, 1886; that Imbody did not pay; that he is a non-resident of the state. Wadleigh prayed judgment for $140, with interest at 7 per cent., from September 30, 1886; that the lot be sold and proceeds of sale distributed. On the 28th day of January, 1889, Blattner filed his answer and cross-petition to the petition of Wadleigh, in which he avers—

"1. That on the 28th day of October, 1886, in pursuance of a certain judgment, being of record in the district court of Geary county, in his favor and against Wm. Imbody, for the sum of $111.40, he caused execution to issue and be levied on said lot 7, and it was regularly advertised, appraised and sold by the sheriff of said county to the defendant J. J. Blattner for $266.

" 2. That after the levy made by the sheriff on said lot No. 7, and before the sale, several parties, to wit, J. B. Wadleigh, S. J. Cameron, B. F. Roberts, Oscar Stone and the Badger Lumber Company, filed in the office of the clerk of the district court of said county certain lien statements against said lot for lumber and material furnished and used in the construction of a building thereon, and the said defendant alleges that said building was completed about the month of October, 1886, at least two years and three months before the commencement of this action.

" Wherefore he avers that all of said lien statements are forever barred on account of the failure of the several parties to commence and prosecute their actions to foreclose the same within one year after the completion of the building.

" 3. He avers that the lien sought to be foreclosed in this action by Wadleigh was originally made and claimed by Ed. Durbon, and, being a statutory lien, was incapable of assignment.

" 4. He alleges that he has been a resident of the county of Geary and state of Kansas during all this time, and at all times within the jurisdiction of the court, and that the property in controversy, to wit, the lot, has all this time been within the jurisdiction of the court."

" 6. He further avers, that the lien statement filed by Durbon was not sufficient in law, because it omitted to state who the owner of the property was."

To this answer there was a reply. The case was tried by the court. The material facts are as follows: On the 21st day of September, 1886, Edward Durbon made a contract with William Imbody, the owner, to construct a building on lot No. 7, in block No. 26, in Cuddy's addition to Junction City, for the sum of $140. The building was completed on or about the 30th day of September, 1886. On the 9th day of November, 1886, Durbon attempted to file a mechanic's lien on said lot in the office of the clerk of the district court for the amount due him from Imbody. The statement of lien nowhere gives the name of the owner of the lot on which the lien is claimed. In entering the statement on the mechanics' lien docket, the clerk of the district court, in the column and under the heading of "Name of Owner," inserted the name

of Wm. Imbody, but the statement itself contained no mention of the name of the owner, and made no allegation as to the ownership of the lot. On the 16th day of July, 1887, one Oscar R. Stone filed his petition in the district court of Geary county against the said William Imbody, claiming a mechanic's lien on said lot No. 7, to which action all the parties claiming liens on said lot were made parties, including this plaintiff and defendant in error. Wadleigh filed an answer and cross-petition in this action, claiming that he had sold lumber to Ed. Durbon, the contractor, that was used in the construction of the house; that he had filed a lien statement with the clerk of the district court; that Durbon had also filed a lien statement, and that the same was duly assigned to him, and praying judgment for $140. At the September term, 1888, of the district court, this case of Stone v. Imbody et al. came on for hearing, on a motion made by Blattner to set aside the service by publication on Imbody; and, during the argument on that motion, Wadleigh asked for a continuance, and leave to file amended pleadings, and to obtain new service; and this was granted, and no decision made on the pending motion. Sixty days were given to file said amended pleadings, and the cause was continued until the next term. The time for filing amended pleadings was subsequently continued by the court until the 20th day of January, 1889. At the trial, it was admitted that Imbody had been a non-resident of the state since the 1st day of January, 1887. Wadleigh admitted that Blattner had judgment, as claimed; that execution issued; that the lot was levied upon and sold, as claimed; that Blattner purchased the same, and became the successor in title and interest to Imbody. It was admitted that the building on said lot was completed about the month of October, 1886, and that Blattner has, ever since October, 1886, been a continual resident of Geary county, and that the lot is situate in said county. Trial at the April term, 1889. Imbody, Durbon, Cameron, Roberts and Stone did not appear or answer herein thereupon the cause went to trial on the petition of the plain-

tiff, Wadleigh, and the answer and cross-petition of Blattner and the answer of the Badger Lumber Company.

The court made special findings of fact, as follows:

"1. Due and legal service was made on each and all of the defendants.

"2. There is due from the defendant William Imbody to the plaintiff, J. B. Wadleigh, the sum of $164.50.

"3. There is due from the defendant William Imbody to the defendant Badger Lumber Company the sum of $14.80.

"4. From September 21, 1886, to October 9, 1886, both days inclusive, the defendant William Imbody was the owner of the premises described in plaintiff's petition, to wit, lot 7, block 26, in Cuddy's addition to Junction City, in Davis (now Geary) county, Kansas.

"5. The amount due the defendant the Badger Lumber Company from the defendant William Imbody is a lien upon the premises mentioned in the last finding.

"6. The amount due the plaintiff, J. B. Wadleigh, from the defendant William Imbody is also a lien upon said premises. To which finding the defendant J. J. Blattner at the time excepted.

"7. Both of the liens mentioned in the fifth and sixth findings are equal in priority. To which the defendant Blattner at the time excepted.

"8. Said liens are prior and superior to any lien, right, title or interest of the defendant J. J. Blattner in or to said premises. To which finding the defendant J. J. Blattner at the time duly excepted.

"9. The court finds, as a conclusion of law, that from all the facts proven and admitted in this case, together with all undisputed allegations of fact contained in the petition of the plaintiff, and the answer and cross-petition of the defendant J. J. Blattner, that the statute of limitations, within which an action must be brought to foreclose a mechanic's lien, did not run in favor of the defendant J. J. Blattner. To which conclusion of law the defendant J. J. Blattner at the time excepted.

"10. The defendant J. J. Blattner purchased said lot 7, in block 26, in Cuddy's addition to Junction City, in Davis (now Geary) county, Kansas, at sheriff's sale, on the 6th day of December, 1886, and has been the owner thereof ever since said purchase, subject to the liens aforesaid."

The following judgment was rendered:

"Wherefore, it is by the court ordered and adjudged that

the defendant the Badger Lumber Company recover from the defendant William Imbody the sum of $14.80. It is further adjudged, that the plaintiff, J. B. Wadleigh, recover from the defendant William Imbody the sum of $164.50. It is further adjudged, that said amount herein found to be due the Badger Lumber Company, to wit, $14.80, and also the amount herein found due the plaintiff, J. B. Wadleigh, to wit, $164.50, each are a first and prior lien upon the aforesaid described premises, to wit, lot 7, in block 26, in Cuddy's addition to Junction City, in Geary county, Kansas. To all that part of the judgment making the amount found due the plaintiff, J. B. Wadleigh, a lien prior and superior to the right, title and interest of the defendant J. J. Blattner, the defendant J. J. Blattner at the time duly excepted.

" Wherefore, it is by the court here ordered, that an order of sale issue out of this court to the sheriff of Geary county, Kansas, commanding said sheriff to advertise and sell, as upon an execution, according to law, said premises, to wit, lot 7, in block 26, in Cuddy's addition to Junction City, Geary county, Kansas. And that out of the proceeds of said sale he pay to the defendant Badger Lumber Company said sum of $14.80, together with 6 per cent. interest thereon from the 3d day of April, 1889, and also pay to the plaintiff, J. B. Wadleigh, the said sum of $164.50, together with 6 per cent. interest thereon from the 3d day of April, 1889, and also pay the costs of this suit. To all of which the defendant J. J. Blattner at the time duly excepted."

Blattner made a motion for a new trial, but this was overruled, and he saved all proper exceptions, and brings the case here for review.

Many questions are discussed by counsel for the plaintiff in error, Blattner, who brings the case here. It seems to us that the important question is, whether the lien of Durbon, that was assigned to Wadleigh, was a fair compliance with the statutory requirements. Does the omission in the lien to state plainly and expressly the name of the owner of the lot invalidate the lien? The statute under which the lien was attempted to be created, being § 632 of the code, (Comp. Laws of 1885,) is as follows:

"Sec. 3. Any person claiming a lien as aforesaid shall file in the office of the clerk of the district court of the county in

which the land is situated a statement, setting forth the amount claimed, and the items thereof as near as practicable, the name of the owner, the name of the contractor, and a description of the property subject to the lien, verified by affidavit, etc."

It will be noticed that, among other things, the section imperatively requires that the statement shall contain "the name of the owner." In the case of *Newman v. Brown*, 27 Kas. 117, this question was expressly decided against the validity of a statement of lien that did not charge some person by name with being the owner of the property. This court says: "It is not a complete statement; a mechanic's lien is a creature of the statute, and he who would perfect one must follow the plain provisions of the statute; otherwise he must look to the man with whom he made his contract." This is the construction given the old law, under which this contract was made, by this court, and it is strongly supported by the decisions of other tribunals, as cited in the brief of counsel for plaintiff in error. A reference to the records in the office of the clerk of the district court, or other county officers, showing that Imbody was the owner, is not sufficient, as contended by counsel for defendant in error. These do not create the lien; it is created by the statement filed, containing all the necessary allegations of the statute; and this statement cannot be reinforced by outside references; it must be complete within itself, to have effect as a statutory lien. This is the logic of the cases of *Conroy v. Perry*, 26 Kas. 472, *Wood v. Gruble*, 31 id. 69, as well as the express declaration in *Newman v. Brown*, supra. If the Durbon statement created no lien, then there was none to assign, and none to be barred by the statutes of limitation, and Wadleigh had no rights to be enforced.

We recommend that the judgment be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.