## WYMAN, ET AL., v. QUAYLE.

MECHANICS' LIENS—SUFFICIENCY OF THE ACCOUNT AND STATEMENT —CONTRACTS—APPEAL AND ERROR.

1. Where no exception is preserved to the overruling of a demurrer, the matter cannot be considered by the supreme court on error.

2. A mechanics' lien is exclusively a creature of statute, deriving its existence only from positive enactment. To secure the preference provided by such a law, the party must bring himself within the provisions of the statute, and show a substantial compliance with all its essential requirements.

3. One of the provisions of the statute being that there shall be filed a just and true account of the demand after all just credits shall have been given, and a true description of the property, or so near as to identify the same, with the name of the owner or owners, contractor or contractors, or both, if known; the statement is insufficient if the name of the owner is not contained in it, there being no allegation that the owner is unknown, and if the requirement of the statute in that respect is not complied with, the party acquires no lien.

4. Where the account or statement filed to acquire a mechanics' lien fails to state the name of the owner of the property, or a statement that the owner was not known, evidence is inadmissible on the trial to show ownership in the defendant.

5. There being evidence tending to show that one L. entered into a contract with defendants to erect a building for them upon ground owned by one of them, and, finding himself unable to obtain the necessary materials unless defendants would provide for their payment, plaintiff furnished the materials on an agreement with the defendants that they would pay him therefor out of the first money due upon the contract with L., and the latter becoming sick, the plaintiff completed the building with the consent and approval of the defendants,

and they moved into it and occupied it; *Held:* that the evidence was sufficient to support a judgment for the plaintiff and against the defendant for the amount of his claim for materials furnished.

6.   The trial court having passed upon the facts, questions involving the credibility of witnesses, or a mere preponderance of the evidence, will not be reviewed by this court.

[Decided  February 21, 1901.]

Error to the District Court, Uinta County; Hon. David H. Craig, Judge.

John Quayle brought the action against William H. Wyman and Jennie E. Woodward to recover a judgment for money and to foreclose a mechanic's lien claimed to have been acquired upon certain property for the amount claimed, the said amount being claimed for certain materials furnished for a certain building erected for the defendants.   Judgment was rendered for the plaintiff for the amount claimed, and the same was adjudged to be a lien upon the lands alleged to be covered by the lien. The defendants prosecuted error.   The material facts are stated in the opinion.

*B. M. Ausherman,* for plaintiffs in error;   *Cyrus Beard,* of counsel.

The statement of lien filed by the plaintiff is not in accordance with the statutory requirement; it fails to show that the plaintiffs in error or either of them had any interest in the real property sought to be covered.   A full compliance with the statute must be shown, and it must be stated in the notice and alleged that defendant had an interest in the realty.   (Jones on Liens, Secs. 1392, 1397; Whit. An. Code, p. 80; Shaw v. Allen, 24 Wis., 563; Rugg v. Hoover, 10 N. W., 473; Anderson v. Knudson, 22 N. W., 302; Malter v. Falcon M. Co., 2 Pac., 50; Gordon v. Deal, 31 id., 287; Fein v. Davis, 2 Wyo., 118.)   The lien law is purely statutory, and the validity of the lien depends upon the affirmative showing that every essential step in the creation, continuance, and

enforcement has been duly taken and complied with. (Rankin v. Malarkey, 34 Pac., 816; Dillon v. Hart, id., 817; Wagner v. Hanson, 37 id., 195; Fernandez v. Burleson, 52 Am. R., 77; Morrison v. Willard, 53 Pac., 832; Wilson v. Nugent, 57 id., 1008.) It is necessary that the written contract, there being one, should be set out at length in the statement, and if the claim is based upon an expressed or implied contract, to comply with the statute, an itemized statement must appear with the notice. (Jones on Liens, Secs. 1392, 1417, 1419; Boysot Mechanics' Liens, Sec. 402; Gates v. Brown, 25 Pac., 914; McWilliams v. Allen, 45 Mo., 573, Bertheolet v. Stocks, 43 Pac., 532; 13 Ency. Pl. & Pr., 990.)

Although the plaintiff claims in his statement that he was the original contractor, the evidence shows that he was a sub-contractor, and as such his statement of lien was not filed in time. (Lumber Co. v. Lobitz, 46 Pac., 481.) A lien cannot be filed so as to give a right before the building is completed. (Santa Monica L. & M. Co. v. Hege, 51 Pac., 555.) Owing to the failure of the statement to set out the name of the owner, evidence as to ownership was inadmissible. (Hays v. Mercier, (Neb.) 35 N. W., 894.) No personal judgment could be rightly rendered against the plaintiffs in error, because the evidence conclusively shows that Quayle contracted with and sold the materials to Langford, the contractor.

*John A. Bagley*, and *Hamm & Arnold*, for defendant in error.

The proper interpretation of the statute does not require the name of the owner to be given in the statement of lien, in case the name of the contractor be given. The statute is to be construed as requiring the name of the owner or owners, *or* the name of the contractor or contractors, *or* both to be stated; but it is permissive as to whether the name of the owner or the contractor shall be given. If, therefore, the name of the contractor be given,

as was done in this case, the name of the owner is not required.

The contract with Langford was abrogated, and a new one made between the plaintiff and defendants. If any defect existed as to completeness or sufficiency of the account which was attached to the statement of lien and the petition, the remedy of the plaintiffs in error was to make a motion to make more definite and certain. (R. S. Sec. 3562; Flander v. Ish, 2 Ore., 320; McKeny v. Goodal, 1 O. Cir. Ct., 23.) There is no statute requiring the written contract to be set out in full. It is immaterial whether the building was completed or not. The plaintiffs in error accepted the building and used it. They cannot accept the fruits of another's labor and be exempt from making remuneration therefor. (Nibbe v. Braughn, 24 Ill., 268; Porter v. Wilder, 62 Ga., 520; Bethell v. Chicago L. Co., 39 Kan., 230; Smith v. Snyder, 82 Va., 614; McClay v. Gluck, 42 N. W., 875.)

The contract with the plaintiff, the material man, was completed; and it could certainly make no difference whether a contract with another was completed or not.

The testimony as to the account was not objectionable because of indefiniteness, as any defect of that character should have been taken advantage of by motion to make definite and certain. (1 Kinkead Code Pl., 117; 6 Ency. Pl. & Pr., 283; Orman v. Mannix, 30 Pac., 1037; Mulock v. Wilson, 35 id., 532; McFadden v. Stark, 58 Ark., 7; 13 Ency. Pl. & Pr., 972; Trustees v. Odlim, 8 O. St., 293.)

A proceeding to enforce a mechanics' lien is in the nature of a proceeding in equity. (13 Ency. Pl. & Pr., 944; Weller v. Bergenthall (Wis.), 7 N. W., 352; Kilroy v. Mitchell (Wash.), 26 Pac., 865; Davis v. Alvord, 94 U. S., 545; McGraw v. Bayard, 96 Ill., 146.) The plaintiffs in error are liable for the materials furnished by the defendant in error under the circumstances as shown by the evidence. (Wis. Plan. M. Co. v. Grains (Wis.), 39 N. W., 531.)

CORN, JUSTICE.

This was a suit brought to obtain judgment upon an account for materials alleged to have been furnished by the plaintiff to the defendants in the construction of a certain building, and to foreclose a mechanics' lien upon the premises upon which the materials were used. There was a demurrer to the petition, which was overruled. The court heard the evidence and rendered judgment against the defendants in favor of the plaintiff for the amount of his claim and interest, found that the same was a lien on the premises, and decreed that they be sold unless payment of the amount should be made within sixty days. The defendants appeal to this court. Numerous errors are assigned, a part of which only it will be necessary for us to consider. No exception was preserved to the overruling of the demurrer, and that question is not before us for decision.

It is insisted that the plaintiff acquired no lien upon the premises, for the reason that he failed to comply with the requirements of the statute in the statement of his claim, filed with the register of deeds, and especially in that it does not state the name of the owner of the property.

The requirement of the statute is that he shall file "a just and true account of the demand due him, after all just credits shall have been given, which is to be a lien upon such building or improvements, and a true description of all the property, or so near as to identify the same, upon which said lien is intended to apply, with the name of the owner or owners, contractor or contractors, or both, if known to the person filing the lien." A preceding section of the chapter provides that mechanics or other persons performing work or furnishing materials for any building or improvements shall have a lien "upon complying with the provisions of this chapter."

The lien is exclusively a creature of statute, deriving its existence only from positive enactment. It is a remedy given by law, which secures the preference provided for, but which does not exist, however equitable the claim

may be, unless the party brings himself within the provisions of the statute, and shows a substantial compliance with all its essential requirements. Phillips on Mechanics' Liens, Sec. 9. The act in question declares that the persons designated *shall have a lien* upon complying with the provisions of the chapter, one of such provisions being that an account shall be filed. It is therefore indispensable to the *creation* of the lien that the prescribed account or statement be filed. And the statement must contain a just and true account of the demand due him after all just credits shall have been given, a description of the property sufficient to identify the same, the name of the owner or owners, contractor or contractors, or both, if known to the person filing the lien, and it must be verified by oath.

These particulars are all material. They are wisely provided for to enable the register of deeds to make the abstract required by the succeeding section; to give timely notice to owners that their property is sought to be charged; and to protect third persons (purchasers or mortgagees) by apprising them of the alleged claim. Beals v. Congregation, 1 E. D. Smith (N. Y.), 654; Reindollar v. Ficklinger, 59 Md., 469; Malter v. Falcon Mining Co., 18 Nev. 212; Rugg v. Hoover, 28 Minn., 407; Mayes v. Ruffners, 8 W. Va., 386; Kelly v. Laws, 109 Mass., 396.

The statement filed with the register of deeds in this case, does not set out, and makes no attempt to set out, the name of the owner. Under all the authorities, which are numerous and uniform upon the subject, the defendant in error acquired no lien. There is no allegation in the statement or in the pleadings, and it is not claimed that the owner was unknown. Upon the trial, evidence was introduced to show ownership in the defendant Woodward. It should have been excluded, as irrelevant to any issue in the case, the defendant in error not having taken the required steps to obtain a lien, or to make any evidence admissible in support of his claim for a lien.

Counsel for defendant in error cite several authorities

which, it is claimed, sustain the view that the name of the owner need not be stated. We think none of them are in conflict with the principle before stated, that, when required by the statute, the name of the owner must be stated, if known. Hays v. Mercier, cited by counsel, was decided under a statute which contained no such requirement, and the court say in their opinion : " While it would no doubt be good practice, in an affidavit for a mechanics' lien, to make the direct averment that the person with whom the contract was made was the owner of the property, yet we find.nothing in the statute which would require a technical averment as to such ownership. The language of the law is "that the person entitled to a lien shall make an account in writing of the items of his labor, skill, machinery or materials, and after making oath thereto," that is to the account, " shall file the affidavit," or rather the account so verified, " in the office of the county clerk." It is true that the allegation of ownership is an essential averment to the maintenance of the action. But this averment, in our opinion, is required only in the petition for the foreclosure of the lien. The petition, in this case, contains all necessary averments upon this subject. To the petition alone, then, when assailed by demurrer, must we look." 22 Neb., 660. It appears, therefore, that, in the opinion of the Nebraska court, the allegation of ownership is an essential averment, even when not required to be stated in the affidavit for the lien. In the case before us there is no allegation of ownership, either in the petition or in the affidavit for the lien. Moritz v. Splitt, was decided under a statute which did not specify that the name of the owner should be stated in the claim for a lien. It was alleged in the complaint that the defendant had title to the land described; and it was held in that case, that the statute was sufficiently complied with. In the California case of West Coast Lumber Co. v. Newkirk, under a statute providing that the claim of lien should state the name of the owner, or reputed owner if known, the complaint charged, "that the claim

filed stated the name of E. B. Newkirk as the owner of said house, and a reputed owner of a leasehold interest in said realty, and stating in said lien that the owner of the fee of said real estate was unknown.'' The court held that the plaintiff was only required to state the names, if known; and if they were not known, the claim filed was sufficient, if it was silent on that subject. 80 Cal., 276. The decision is not an authority in this case, there being no claim that the name of the owner was unknown.

But counsel for defendant in error suggest that the language of the statute is in the alternative, and that the requirement is complied with if the owner or the contractor or both be named ; that the provision is by way of permission to the person filing the account to name either or both. We are unable to adopt the construction suggested; the chapter extends its protection not only to principal contractors, dealing directly with the owner of the property, but to sub-contractors, laborers, and material men; and keeping this fact in view, any apparent obscurity, in the language employed, disappears. Where a contractor deals directly with the owner, from the nature of the case, only the name of the owner is required to be, or can be, stated. But in the case of a sub-contractor, laborer, or material man, his dealings are, or may be, solely with the principal contractor, and, in order to give notice to all parties interested, he is required to name in his statement both the owner and principal contractor, if known to him.

Our statute is taken substantially from the laws of Missouri. The supreme court of that State, in discussing it, say: ''Now the law under consideration requires that the statement filed shall include a true account, with all just credits given; a description of the property, so that it can be identified, with the name of the owner or contractor, or both, if known, and that it shall be verified by affidavit. These all constitute the elements essential to securing the lien. We cannot say that one of the con-

stituent parts is more matter of substance than another. The language seems plain and unambiguous, and we are not permitted to impair its force, or fritter away its meaning, by construction." Herman v. Walton, 36 Mo., 620.

It is also urged by plaintiff in error that the personal judgment against them is not sustained by sufficient evidence. There was some conflict in the testimony, but there was evidence tending to show the following state of facts. One Langford entered into a contract with the defendants to erect a building for them, upon ground owned by Mrs. Woodward, for the sum of eight hundred dollars. That Langford found himself unable to obtain the necessary material, unless the defendants would provide for payment for it. That the plaintiff furnished the materials for the building upon an agreement with the defendants that they would pay him for the same out of the first money due upon the contract with Langford. The latter fell sick, and was unable to complete the building, it was completed by plaintiff with the consent and approval of the defendants, and they moved into and occupied it. This is unquestionably sufficient to sustain the judgment, and, the court below having passed upon them, questions involving the credibility of witnesses, or mere preponderance of the evidence, will not be reviewed by this court.

We find no material error in the record except as above pointed out. The judgment, in so far as it decrees a mechanics' lien in favor of the plaintiff upon the property in question is reversed; as a personal judgment in favor of the plaintiff against the defendants, it is affirmed, and the judgment of the district court is modified accordingly. No costs of appeal are allowed to the defendant in error, but costs of appeal are allowed the plaintiffs in error, and are to be deducted from the judgment above affirmed.

*Modified.*

OTTER, C. J., and KNIGHT, J., concur,