[Civ. No. 2786.   Third Appellate District.—January 22, 1925.]

## THE DIAMOND MATCH COMPANY (a Corporation), Appellant, v. SANITARY FRUIT COMPANY (a Corporation), Respondent.

[1] MECHANICS' LIENS — CONSTITUTIONAL LAW — LEGISLATIVE DISCRETION.—The right of mechanics, materialmen, etc., to a lien upon property upon which they have bestowed labor, or in the improvement of which materials they have furnished have been used, for the value of such labor or materials, is guaranteed by the constitution, the mode and manner of the enforcement of such right being committed to the legislature; but the legislature is not thus vested with arbitrary power or discretion in attending to this business,—rather it must establish a reasonably framed system for enforcing the right which the organic law vouchsafes to the classes named.

[2] ID.—ENFORCEMENT OF LIEN—CONSTITUTIONAL LEGISLATION.—Every provision of the law which the legislature may enact for the enforcement of the liens mentioned in section 15 of article XX of the constitution must be subordinate to and in consonance with that constitutional provision; and it is not within the right or province of the legislature, by a cumbersome or ultra-technical scheme designed for the enforcement of the right of lien, to impair that right or unduly hamper its exercise.

[3] ID.—RIGHTS OF OWNERS — DUTY OF LEGISLATURE. — In adopting means for the enforcement of the liens referred to in section 15 of article XX of the constitution, it is no less the duty of the

---

1.  See 17 Cal. Jur. 14.

legislature to consider and protect the rights of owners of property which may be affected by such liens than it is to consider and protect the rights of those claiming the benefit of the lien laws.

[4] ID.—FILING OF LIEN—NOTICE.—The act of filing a lien, as the law requires, constitutes constructive notice to the owners and others that the property stands embarrassed with a charge which will operate as a cloud upon the title thereof so long as the lien remains undischarged, and that the property may be sold under foreclosure proceedings unless the debt to secure which the lien was filed is otherwise sooner satisfied; and the filing of the lien in the recorder's office is intended to protect the owner of the property against double payment to the contractor or payment for his services and the materials he uses in the work of improvement in excess of what his contract calls for and also for the protection of those who may as to such property deal with the owner thereof—that is, third persons as purchasers or mortgagees.

[5] ID.—NAME OF OWNER—MANDATORY REQUIREMENT.—The requirement of section 1187 of the Code of Civil Procedure that the claim of lien shall contain the name of the owner or the reputed owner of the property is imperative, and must be complied with, where such owner is known to the claimant, to perfect the lien.

[6] ID.—INDEX OF ENCUMBRANCES — NOTICE TO OWNER. — It was intended by subdivision 16 of section 4132 of the Political Code that the owner of the property, so far as are concerned encumbrances of the character of those with which property may be charged under the lien law, is not required to make any further inquiry into the status of the title to his property than an examination of the index prescribed by said section.

[7] ID.—MISTAKE IN NAME OF OWNER—PREJUDICIAL ERROR—INSUFFICIENT CAPTION.—The mistake of a lien claimant in inserting its own name as owner or reputed owner of the property sought to be charged with a lien is not such an error as is included within the spirit or contemplation of section 1203 of the Code of Civil Procedure and section 14 of the act of 1911 (Stats. 1911, pp. 1319, 1320), notwithstanding the claim of lien contains a caption showing the name of the lien claimant against two designated persons (one of whom is, in fact, the owner of the

4.   See 17 Cal. Jur. 104.

5.   Effect of incorrect designation of owner of property in statement of claim of mechanic's lien, note, 14 Ann. Cas. 689. See, also, 18 R. C. L. 935.

7.   Sufficiency of statement of claims for mechanic's lien naming owner or person against whom lien is claimed in caption but not in body of instrument, note, 20 Ann. Cas. 1162.

property and the other the contractor), but there is no designation of either or both of said persons as the owner or reputed owner of the property.

[8] ID.—ENFORCEMENT OF LIEN — EQUITABLE PRINCIPLES — STATUTORY CONSTRUCTION.—The legislature has introduced into the system for the enforcement of liens of mechanics, etc., the only equitable principles which can be invoked in the decision of any case arising under the mechanics' liens statutes, in the rules enunciated in section 1203 of the Code of Civil Procedure and section 14 of the act of 1911, and unless the case is one which is subject to the modifying influence of the rules declared in those sections, then, if the default or neglect be material to the perfection of a lien, it is beyond the remedial scope of equity, in the exercise of its usual powers, to protect the lien claimant against the untoward consequences of what may be and probably was his own neglect.

(1) 12 C. J., p. 734, n. 7; 27 Cyc., p. 18, n. 15.    (2) 12 C. J., p. 734, n. 7.    (3) 12 C. J., p. 734, n. 7.    (4) 27 Cyc., p. 164, n. 17. (5) 27 Cyc., p. 165, n. 19.    (6) 27 Cyc., p. 132, n. 22.    (7) 27 Cyc., p. 167, n. 43.    (8) 27 Cyc., p. 201, n. 93.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

George F. Jones and James T. Matlock for Appellant.

McCoy & Gans for Respondent.

HART, J.—This action was brought to foreclose a materialman's lien, filed against certain real property situated in the town of Red Bluff, Tehama County.

The second amended complaint states that on or about the ninth day of October, 1920, one Jasper W. Bandy entered into a contract with plaintiff whereby the latter agreed to furnish and did furnish and deliver to Bandy lumber and building material of the agreed value of $3,209.58, to be used for the erection of a building for the defendant Sanitary Fruit Company on the real property specifically described in the complaint; that the latter, at the time said building material was being furnished, knew that the same was being used by said Bandy in the construction of a building on said

8.    See 17 Cal. Jur. 128.

Sanitary Fruit Company's real property; that said Fruit Company has not paid the sum due for said lumber, etc., although demand for such payment has been made. Other essential facts in an action of the character of this are alleged, and then the complaint avers that the structure was completed on the fifteenth day of March, 1921, and that within ninety days after such completion plaintiff filed in the office of the county recorder of Tehama County its claim of lien against said land and building. It is further alleged that said claim of lien, which is annexed to the complaint and made a part thereof, contained all the matters which the statute in such cases requires. It is further alleged that no notice of the completion of the building was ever filed in the office of the county recorder as required by the lien law; that the defendant Fruit Company, at the time of the filing and recording of the claim of lien by plaintiff, was indebted to said Bandy for erecting said building in the sum of $3,209.58.

Defendant Sanitary Fruit Company demurred to the second amended complaint on the general ground. The demurrer being overruled said defendant filed an answer denying specifically the averments of the complaint and setting up a special or an affirmative defense, the nature of which, as will presently be seen, is not of material importance in the decision of the case.

After introducing testimony showing that building materials had been furnished Bandy to be used in the erection of a warehouse on the real property described in the complaint, that said materials were so used, the value thereof and that the same had not been paid for, the plaintiff offered the purported notice of lien in evidence. This offer was objected to by counsel for the defendant Sanitary Fruit Company on the ground that in a certain material particular the instrument did not and does not comply with the requisites of the statute governing the preparation and filing of such liens and that it was, therefore, void and without legal force. The court sustained the objection. The defendant thereupon moved for a nonsuit and the motion was granted. The appeal here is by the plaintiff from the judgment entered upon the order granting the nonsuit.

Thus the sole question presented for our solution is whether the purported notice or claim of lien complies with

section 1187 of the Code of Civil Procedure setting forth
the matters to be contained in such an instrument.  Said
section provides, in part, as follows: "Every original con-
tractor, claiming the benefit of this chapter, within sixty
days after the completion of his contract, and every person
save the original contractor claiming the benefit of this chap-
ter, at any time after he has ceased to perform labor or
furnish material, or both, for any work or improvement
mentioned in this chapter, and until thirty days after the
completion of such work or improvement, may file for record
with the county recorder of the county or city and county
in which such property or some part thereof is situated a
claim of lien containing a statement of his demand after
deducting all just credits and offsets, the name of the owner
or reputed owner, if known, a general statement of the kind
of work done or materials furnished by him, or both, the
name of the person by whom he was employed or to whom
he furnished the materials, and a description of the property
sought to be charged with the lien sufficient for identifica-
tion; which claim of lien must be verified by oath of claimant
or some other person."

The instrument filed for record by the plaintiff as a claim
or notice of lien sets forth that the materials therein re-
ferred to were furnished by plaintiff to Bandy, the contrac-
tor, to be used and that they were actually used in the
construction of the building on the real property described
therein and states in detail the terms of the contract between
plaintiff and said Bandy for the furnishing of said materials.
In brief, the instrument contains a statement of all the mat-
ters required to be set forth in such an instrument by section
1187 of the Code of Civil Procedure, with a single exception,
to wit, the name of the owner or reputed owner of the real
property against which a lien was sought by plaintiff to
be filed, and as to that requirement the document attempts
to comply therewith in the following fashion: "The Diamond
Match Company, a corporation, is the name of the owner and
reputed owner of said contractor."  The instrument is en-
titled, "The Diamond Match Company, a corporation, vs.
Sanitary Fruit Company, a corporation, and Jasper W.
Bandy, also known as J. W. Bandy."  Attached to the lien
is an itemized statement of the materials furnished, and
this statement is under the following heading: "Sold to

J. W. Bandy—Tag No.— job: Sanitary Fruit Company. Warehouse.'' The plaintiff contends that the foregoing statement in the purported claim of lien and the itemized statement of the account attached thereto clearly show that a clerical mistake was made by inserting its own name instead of that of the defendant as the owner of the property (or of the ''contractor,'' as the instrument reads), and that the mistake is one which falls within the spirit, though confessedly not within the letter, of section 1203 of the Code of Civil Procedure, which was added to our Mechanics' Lien Law by the legislature of 1907 (Stats. 1907, p. 858) and re-enacted by the legislature of 1911 (Stats. 1911, p. 1319). Said section provides: ''No mistakes or errors in the statement of the demand, or of the amount of credits and offsets allowed or of the balance asserted to be due to claimant, nor in the description of the property against which the claim is filed, shall invalidate the lien, unless the court finds that such mistake or error in the statement of the demand, credits and offsets, or of the balance due, was made with the intent to defraud, or the court shall find that an innocent third party, without notice, direct or constructive, has since the claim was filed, become the *bona fide* owner of the property liened upon, and that the notice of claim was so deficient that it did not put the party upon further inquiry in any manner.''

It will be noted that within the mistakes or errors enumerated by the above section which will not be treated as having the effect of invalidating a claim of lien is not included a mistake or error in stating the name of the owner or the reputed owner of the property to which it is intended that a lien shall attach. It is the contention that, since it is clear from the whole instrument that the insertion of its own name therein as the owner was purely a mistake on the part of the plaintiff and that likewise it is clear that the owner or reputed owner is the defendant, the broad and liberal principle underlying section 1203 should be applied and the name of the defendant read into the document as the owner or reputed owner of the property. That this should be done, so it is argued, is further emphasized by section 14 of the act of 1911 (Stats. 1911, pp. 1319, 1320), which declares, among other things, that the provisions of

the lien law "shall be liberally construed with a view to effect its purpose."

[1]   The right of mechanics, materialmen, etc., to a lien upon property upon which they have bestowed labor, or in the improvement of which materials which they have furnished have been used, for the value of such labor or materials, is guaranteed by the constitution, the mode and manner of the enforcement of such right being committed to the legislature. (Art. XX, sec. 15, Const.) Manifestly, the legislature is not thus vested with arbitrary power or discretion in attending to this business. Indeed, rather than power so vested in the legislature, it is a command addressed by the constitution to the law-making body to establish a reasonably framed system for enforcing the right which the organic law itself vouchsafes to the classes named.   [2] Clearly, it is not within the right or province of the legislature, by a cumbersome or ultra-technical scheme designed for the enforcement of the right of lien, to impair that right or unduly hamper its exercise. Every provision of the law which the legislature may enact for the enforcement of the liens mentioned in section 15 of article XX of the constitution must be subordinate to and in consonance with that constitutional provision. (*Hampton* v. *Christensen,* 148 Cal. 729, 737 [84 Pac. 200].) The rules embraced in section 1203 of the Code of Civil Procedure and section 14 of the act of 1911, *supra,* were adopted to prevent a denial of the benefits of a lien duly filed merely because of immaterial or unsubstantial mistakes or errors in the taking of the steps prescribed or doing the things required to perfect a lien.

[3]   But, while all that has been said above is true, it will not be denied that it is no less the duty of the legislature, in adopting means for the enforcement of the liens referred to in the constitutional provision, to consider and protect the rights of owners of property which may be affected by such liens than it is to consider and protect the rights of those claiming the benefit of the lien laws. The liens which are filed under the lien law against property, as a general rule, grow out of contracts which are made by and between lien claimants and persons (contractors) other than the owner of the property so affected, and such liens may be filed and so become a charge against property without the owner having actual knowledge thereof.   [4]   The

act of filing, as the law requires, constitutes constructive notice to the owners and others that the property stands embarrassed with a charge which will operate as a cloud upon the title thereof so long as the lien remains undischarged and that the property may be sold under foreclosure proceedings unless the debt to secure which the lien was filed is otherwise sooner satisfied. The filing of the claim in the recorder's office is intended to protect the owner of the property against double payment to the contractor or payment for his services and the materials he uses in the work of improvement in excess of what his contract calls for. The notice is also intended for the protection of those who may as to such property deal with the owner thereof—that is, third persons as purchasers or mortgagees. (*Corbett* v. *Chambers,* 109 Cal. 178, 182, 183 [41 Pac. 873]; *Wyman* v. *Quayle,* 9 Wyo. 326 [63 Pac. 988].) **[5]** For these reasons, the requirement that the claim of lien shall contain the name of the owner or the reputed owner of the property is imperative, and must be complied with, where such owner is known to the claimant, to perfect the lien. (*Hooper* v. *Flood,* 54 Cal. 218; *West Coast Lumber Co.* v. *Newkirk,* 80 Cal. 275 [22 Pac. 231]; *Palmer* v. *Lavigne,* 104 Cal. 30 [37 Pac. 775]; *Corbett* v. *Chambers, supra; Bryan* v. *Abbott,* 131 Cal. 222 [63 Pac. 363]; *Lucas* v. *Gobbi,* 10 Cal. App. 650 [103 Pac. 157]; *Malter* v. *Falcon Min. Co.,* 18 Nev. 209 2 Pac. 50]; *Blattner* v. *Wadleigh,* 48 Kan. 290 [29 Pac. 165, 167]; *Gordon* v. *Deal,* 23 Or. 153 [31 Pac. 287]; *White* v. *Mullins,* 3 Idaho, 434 [31 Pac. 801]; *Wyman* v. *Quayle, supra.*) The importance of this requirement and the necessity of complying with it are emphasized by section 4132, subdivision 16, of the Political Code, which provides that every recorder (of the counties) "must keep an index of notices of mechanics' liens, labeled: 'Mechanics' liens,' each page divided into three columns, headed, respectively: 'Parties against whom claimed,' 'Parties claiming liens,' 'Notices —when and where recorded.'" What is said in *Corbett* v. *Chambers, supra,* speaking of a section of the Political Code, then known and numbered as "4236, subd. 16," which was substantially in the same language as subdivision 16 of section 4132, *supra,* is equally pertinent here: "It is by this index that a subsequent dealer with the property is to be guided in ascertaining whether there are any encum-

brances upon the owner's title, and it is apparent that this index would afford no notice to subsequent purchasers or encumbrancers if the owner whose name is to be stated in the claim is one who at some previous time had been owner, but who had long prior to filing the claim parted with all interest in the property." (See, also, *Wyman* v. *Quayle, supra.*) **[6]** It is clear that it was intended by subdivision 16 of section 4132 that the owner of the property, so far as are concerned encumbrances of the character of those with which property may be charged under the lien law, is not required to make any further inquiry into the status of the title to his property than an examination of the index prescribed by said section.

In the instant case the owner of the property, or any other person in a deal with the owner affecting the property, would be justified in at once concluding, upon an examination of the recorder's index of liens to ascertain whether the property had been charged with a lien, that the property was entirely free from embarrassments in the form of liens authorized by section 15 of article XX of the constitution. The name "John Doe," or "John Smith," in the claim of lien herein involved in the place of that of the plaintiff in the recorder's index would convey no less inaccurate information as to the identity of the real or the reputed owner of the property than does the name of the plaintiff.

**[7]** The claim that the caption of the claim of lien, considered with the notation on the itemized statement of the demand, as above indicated, sufficiently shows that the defendant is or was the owner of the property, is subject to several answers. The first is that the law does not require that the caption of the claim of lien or the itemized account or demand should itself be included in the index, except in so far as the index is to be regarded as involving a reference to the entire document and its contents. In other words, the index to which alone the owner or an interested party is required to look to learn whether the property has been and is charged with a lien, is required only to contain the name of the party or parties against whom the lien is claimed, the party or parties claiming the lien, and an indication of the time of filing the claim and where and in what book in the recorder's office it may be found. Secondly, it cannot be told from the caption whether the Sanitary Fruit

Company or J. W. Bandy is such owner or reputed owner. Indeed, it cannot be told from the caption whether either is the owner or the reputed owner thereof. The same is to be said of the notation at the head of the itemized statement of the account purporting to designate the particular building for the construction of which the materials were furnished. These matters could go no further, even if to that extent, than affording an inference that the Sanitary Fruit Company and J. W. Bandy, or one or the other, might have some sort of interest in the property or the building, but such inference is entirely too remote and indefinite to justify a definite finding or conclusion that either or both is or are the owner or owners or reputed owner or owners of the property, and such inference might lead to a false conclusion.

In *Malter* v. *Falcon Min. Co., supra,* the notice of lien contained the declaration that the claimants intend "to hold and claim a lien upon . . . that certain Howland pulverizing wet crushing and amalgamating mill, situated in Rock creek on the millsite owned or claimed by the Falcon Mining Company, in Elko county, state of Nevada." The supreme court of Nevada, by Hawley, C. J., answering the contention that the foregoing statement in the claim of lien was a sufficient identification of the owner of the property upon which the labor was bestowed and for which materials were furnished by the contractors, the lien claimants, said: "There is no statement that the Falcon Mining Company is the owner, or the reputed owner of the mill. *The question of ownership is left to inference only, and the inference to be drawn from such a statement that the Falcon Mining Company is the owner or reputed owner, of the property, may or may not be true. It does not necessarily follow that because the company claims to be the owner of the millsite that it is the owner, or reputed owner, of the mill erected thereon."* (Italics ours.)

In *White* v. *Mullins, supra,* there was an omission to state the name of the owner or reputed owner in the notice of lien, and there was no statement therein that the owner or reputed owner was unknown to the claimants. The notice of lien was entitled, "White and Mallison, sub-contractors and claimants, v. R. J. Bledsoe, contractor, and B. F. Mullins, owner." The Idaho statute prescribing the essentials

of a claim of lien was substantially in the same language as is our section 1187. It was contended in that case that the name of the owner was sufficiently shown by and so could readily be ascertained from the caption of the claim as filed for record, and as indicated above. The court said: "It can hardly be claimed that the *descriptio personae* at the head of the notice (here follows the caption as above shown) is a direct and unequivocal allegation of the name of the owner."

It is true that the rule in Idaho was that the lien laws should be strictly construed. Possibly that rule was grounded on the reason that the right of lien was given by statute and not by the constitution. But be that as it may, the significance of the utterance of the Idaho supreme court, as given above, is in the importance attached to the requirement that the name of the owner or the reputed owner, if known to the lien claimant, shall clearly be made to appear in the claim of lien.

In *Santa Cruz Rock Pavement Co.* v. *Lyons*, 133 Cal. 114, 119 [65 Pac. 329], cited by appellant as presenting a situation analogous to that which appears herein, one Ellen Lyons was the owner of the property to which the lien attached in her separate right. The trial court found that her husband was the reputed owner of the property involved at the time the contract for the improvement of the same was made and that "he, both in his own individual behalf, and as the ostensible agent of his wife, Ellen, and in her behalf, though in his own name, entered into a written contract with the plaintiff for the performance" of the work. The court said: "If the plaintiff made any mistake in thus stating the ownership, it was an honest one, and in no sense was it fraudulently made, or made for the purpose of deceiving any person, and the mistake could not prejudice his right to a lien. . . . It has been held that if the lienholder in good faith gives the name of the reputed owner, he will not lose his lien if he shall afterward ascertain that some other person was the owner. (*Corbett* v. *Chambers*, 109 Cal. 178 [41 Pac. 873].)"

In the present case, as will be noted, the notice or claim of lien does not state either the name of the owner or the reputed owner of the property, nor is it therein stated that the owner or reputed owner or the name of such owner or

70 Cal. App.—45

reputed owner is or was unknown to the claimant. Indeed, according to the complaint, the plaintiff could not have honestly made such a statement in the claim of lien, for that pleading unequivocally states that "the 'defendant, Sanitary Fruit Company, a corporation, was, at the time of the making of said contract and at the time of the delivery of said lumber and building material upon the land hereinafter described and now is the owner and the reputed owner of said property."

If the claim of lien in this case had stated that "the Sanitary Fruit Company, a corporation, is the owner or reputed owner of the contractor," we would then have a case which would probably come within the spirit or contemplation of section 1203 of the Code of Civil Procedure and section 14 of the act of 1911, *supra,* and also a case something like that of *McDonald* v. *Backus,* 45 Cal. 262, 264, cited by appellants here, wherein the lien claimant, in stating the name of the contractor by whom he was employed to do certain work on the building constructed, used the word "occupied" instead of the word "employed," so that the claim read: " . . . Swain is the name of the person by whom he (plaintiff) was 'occupied.' " While there is no express statement in the opinion itself to that effect, we think the reporter's interpretation in the syllabus of the opinion that "a mere mistake in the use of a word in a claim of lien filed to secure a mechanic's lien will not vitiate it, but the court will insert the word intended to be used," is a fair and reasonable deduction from the opinion and that the conclusion that the mistake was immaterial is eminently sound.

In *Allen* v. *Wilson,* 178 Cal. 674, 678 [174 Pac. 661, 663], the following statement from *West Coast Lumber Co.* v. *Newkirk,* 80 Cal. 277 [22 Pac. 231], is approved: "The plaintiff (lien claimant) is only required to state names mentioned (owner, etc.) if known. If the owners are not known, the claim filed is sufficient if it is silent on the subject."

That case has no application here, however. As shown, the plaintiff did know, at the time it prepared and filed its notice of lien, the name of the owner or reputed owner of the property.

[8] Appellant insists that this case should be disposed of on broad, equitable considerations, but such considera-

tions can enter into the determination of the case only in so far as the lien statute itself permits it. The legislature has introduced into the system for the enforcement of liens of mechanics, etc., the only equitable principles which can be invoked in the decision of any case arising under such statute in the rules enunciated in section 1203 of the Code of Civil Procedure and section 14 of the act of 1911, and unless the case is one which is subject to the mollifying influence of the rules declared in those sections, then, if the default or neglect be material to the perfection of a lien, it is beyond the remedial scope of equity, in the exercise of its usual powers, to protect the lien claimant against the untoward consequences of what may be and probably was his own neglect. The courts cannot read either into the statute or the claim of lien what is not there, nor take from either what is there. (Code Civ. Proc., sec. 1858.) If the courts may say that the name of the owner or reputed owner, where known by the claimant, need not be stated in the notice of lien, with equal reason may they hold that any other requisite of the statute need not be observed and followed. Indeed, the index of notices of liens required to be kept by the county recorder by subdivision 16 of section 4132 of the Political Code would be of little efficacy or its object wholly thwarted if the provision of the lien law requiring the statement in the notice of lien of the name of the owner or reputed owner of the property to which the lien is to attach may be held not to be a material requirement.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 19, 1925.