[No. 14645. In Bank. — March 23, 1893.]

THE COUNTY OF ORANGE, RESPONDENT, *v.* R. T. HARRIS, APPELLANT.

STATUTES — DEPENDENT PROVISIONS — CONSTITUTIONAL LAW. — When a statute, or section thereof, is unconstitutional in one of its provisions, and the remainder of its provisions are so interlaced and mutually connected with and dependent upon each other as to warrant the belief that the legislature intended the statute or section to stand as a whole, and would not have passed it if it had been believed that all of the provisions could not be carried into effect, all parts of the statute, or section thereof, fall together.

ID. — REPEAL. — No repeal by implication can result from a subsequent unconstitutional statute, nor from a provision in such statute that all acts and parts of acts inconsistent therewith are repealed.

ID. — COUNTY GOVERNMENT ACT — COMPENSATION OF TAX COLLECTOR — REPEAL OF CODE PROVISIONS. — Section 211 of the County Government Act, being unconstitutional, did not operate to repeal section 3770 of the Political Code by implication as being inconsistent therewith; but section 164 of the same act as originally enacted (Stats. 1883, p. 361), providing that the salaries and fees therein provided for should be in full compensation for all services rendered by the officers therein named, being constitutional and valid, operated to repeal section 3770 of the Political Code, providing that the tax collector must collect, in addition to the taxes due on the delinquent list and five per cent added thereto, fifty cents on each lot separately assessed, one half of which should go to the county, and the other to the collector for preparing the list.

ID. — POWER OF SUPERVISORS — LIABILITY OF TAX COLLECTOR. — The board of supervisors have no authority of law to fix the compensation due to any county officer; and a tax collector who has collected taxes under section 3770 of the Political Code, and retained one half of the amount under an order of the board of supervisors allowing the same, is liable

to an action by the district attorney in the name of the county, under section 8 of the County Government Act, to recover the money so re- tained, with twenty per cent damages for the use thereof.

ID. — DAMAGES FOR USE OF MONEY RETAINED — DUE PROCESS OF LAW. — The provision of section 8 of the County Government Act which allows the county, at suit of the district attorney, to recover from an officer to whom money has been paid as salary or fees without authority of law twenty per cent damages for the use thereof is not unconstitutional as depriving a defendant of property without due process of law.

APPEAL from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion of the court.

*Charles S. McKelvey*, and *W. L. Campbell*, for Appellant.

*Attorney-General W. H. H. Hart, Deputy Attorney-General William H. Layson*, and *F. W. Sanborn*, for Respondent.

PATERSON, J. — This is an action to recover from the defendant, who is sheriff and tax collector of Orange County, the sum of $657, together with twenty per cent damages. The action is based upon the provisions of section 8 of the County Government Act, which provides, in substance, that whenever any board of supervisors shall, without authority of law, order any money paid as salary or fees, and such money shall have been actually paid, it shall be the duty of the district attorney to commence suit in the name of the county against the person to whom the money was paid to recover the same, and twenty per cent damages for the use thereof.

Appellant's claim to the money is based upon section 3770 of the Political Code, which provides that the tax collector must collect, in addition to the taxes due on the delinquent list and five per centum added thereto, fifty cents on each lot, piece, or tract of land separately assessed, and on each assessment of personal property, one half of which must go to the county, and the other to the collector for preparing the list. It appears that the defendant advertised 2,628 items of delinquent prop-

erty, and collected, under the section referred to, $1,314, one half of which he claimed the right to hold under the statute.

Section 211 of the County Government Act as amended in 1887 provides that "the salaries and fees provided in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, either as officers or *ex officio* officers, their deputies and assistants, unless in this act otherwise provided, and all deputies employed shall be paid by their principals out of the salaries hereinbefore provided, unless in this act otherwise provided." (Stats. 1887, p. 207.) Following this provision in the section are certain provisos, which are referred to and commented upon in *Dougherty* v. *Austin*, 94 Cal. 608. It was held in that case that the provisions for extra compensation, and employment of additional deputies at the expense of the county, were unconstitutional; and it may be admitted that all parts of the section fell together, the various provisions with respect to salaries being so interlaced and mutually connected with and dependent upon each other as to warrant the belief that the legislature intended the section to stand as a whole, and if it had been believed that all of the provisions could not be carried into effect, no part of the act would have been passed. (Cooley's Constitutional Limitations, 211.)

This being the case, the enactment of section 211 of the amendatory act did not operate to repeal section 3770 of the Political Code. An act unconstitutional in itself may contain a valid clause repealing another act, but the intention of the legislature to wipe out the previous enactment, at all events, must be clearly and unequivocally expressed. No repeal by implication can result from a provision in a subsequent statute when that provision is itself devoid of constitutional force; and it is not sufficient, to effect a repeal, to say in an unconstitutional act that all acts inconsistent therewith are thereby repealed. (Endlich on Interpretation of Statutes, sec. 192; *Campau* v. *Detroit*, 14 Mich. 276;

*Tims* v. *State*, 26 Ala. 170; *People* v. *Fleming*, 7 Col. 236; *Childs* v. *Shower*, 18 Iowa, 272.)   But conceding the contention of the appellant in this regard to be sound,— i. e., that section 211, being unconstitutional, did not repeal,— section 3770 is not saved by the concession.   The County Government Act as originally passed contained a section which provided that "the salaries and fees provided for in this act shall be in full compensation for all services of every kind and description rendered by the officers therein named, their deputies and assistants; and all deputies employed shall be paid by their principals out of the salaries hereinbefore provided."   (Stats. 1883, p. 361, sec. 164.)   This section did not contain the objectionable provisions found in the amendment of 1887, and being a valid enactment, it operated to repeal the provisions of section 3770 of the Political Code.   It did contain a provision that the assessor might retain fifteen per cent of all amounts collected by him for poll taxes, and it is claimed that by reason of this provision the act was unconstitutional and void.   We do not deem it necessary to consider the question whether or not the legislature has the constitutional right to authorize the retention by the assessor of any portion of the poll taxes collected by him.   It may be conceded, and still section 164 is good, so far as it affects the compensation of officers other than assessors.

There is no merit in the contention that the provision for twenty per cent damages, if enforced, is unconstitutional because it deprives a defendant of property without due process of law.   It is no more obnoxious to such a criticism than the provisions of the code relating to costs and damages in cases of delinquent taxes.   As was said by Chief Justice Beatty, in *State* v. *Huffaker*, 11 Nev. 303, in speaking of an act prescribing an additional penalty for non-payment of taxes in certain cases after suit: "We think the penalty is to be regarded, not only as a punishment to the delinquent, but also and principally as a compensation to the state and county

for the delay of payment, and the consequent derangement of their finances."

The contention of the appellant that the money was paid under "authority of law" is equally unsound. It is the legislature, and not the board of supervisors, which is charged with the duty of fixing the compensation due to the county officers; and *Miller* v. *Dunn*, 72 Cal. 462, 1 Am. St. Rep. 67, is not in point. The other points raised by appellant, viz., that the subject-matter of this section is not expressed in the title of the County Government Act, as required by section 24, article IV., of the Constitution, and that the act is not uniform in its operation, because the supervisors of certain counties are given powers not given to others, do not require notice.

Judgment affirmed.

GAROUTTE, J., DE HAVEN, J., FITZGERALD, J., HARRISON, J., and BEATTY, C. J., concurred.