[No. 15760.   In Bank.—June 1, 1897.]

## SANTA CRUZ ROCK PAVEMENT COMPANY, Respondent, *v.* ELLEN LYONS et al., Appellants.

Mechanic's Lien—Work on Street—Contract with Reputed Owner—Constitutional Law.—Section 1191 of the Code of Civil Procedure, so far as it purports to authorize the creation of a lien upon land by virtue of a contract for the improvement of the street adjacent thereto, entered into with one who is only the reputed owner of the land, or to affect the interest of the real owner therein, is unconstitutional.

Id.—Objection by Real Owner.—Under such section, the fact that the real owner of the land knew of the work while it was being performed, and neither made objection thereto, nor gave any notice that he would not be responsible therefor, does not entitle the contractor to a lien.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

*Allen, McAllister & Frohman,* and *J. B. Carson,* for. Appellants.

*Parker & Eells,* for Respondent.

Harrison, J.—The plaintiff seeks by this action to enforce a mechanic's lien on certain real property in San Francisco belonging to the defendant, Ellen Lyons, for work done by it in the improvement of the street in front of said property.   The defendant, Ellen, is the wife of her codefendant, James M. Lyons, and the land is her

separate property. The work done by the plaintiff was performed under a written contract, entered into between it and the defendant James, and, after its completion, the plaintiff filed a claim of lien with the county recorder, which it now seeks to enforce against the property.

Section 1191 of the Code of Civil Procedure provides: "Any person who, at the request of the reputed owner of any lot in any incorporated city or town, grades, fills in, or otherwise improves the same, or the street or sidewalk in front of or adjoining the same, or constructs any areas or vaults or cellars or rooms under said sidewalk, or makes any improvements in connection therewith, has a lien upon such lot for his work done and materials furnished."

Much of the argument herein has been directed to the question whether it appears, from the record, that the defendant James was the "reputed owner" of the land in question, but, in the view taken by us of the foregoing section, it is unnecessary to decide this question.

The owner of real property may, by his acts or conduct, be estopped from questioning the acts of a reputed owner of such property, and may thereby be bound by the acts of such reputed owner; but, in the absence of the elements of an estoppel, he will not be bound by the unauthorized acts of one who is merely reputed to be the owner of the land. He cannot be deprived of his title to the land, nor can a lien be imposed thereon, against his will, by virtue of any agreement or contract on the part of one who is merely reputed to be the owner of such land, unless he has in some way held such person out as the reputed owner, with authority to do the act, or make the agreement by which it is sought to create the lien. It is no more within the constitutional power of the legislature to authorize a reputed owner of a lot or parcel of land to create a lien thereon, against the will of the real owner, than it would be to authorize such reputed owner to transfer the title to said

land; and we hold, therefore, that, so far as the foregoing section of the code purports to authorize the creation of a lien upon land, by virtue of a contract for the improvement of the street adjacent thereto, entered into with one who is only the reputed owner of the land, or to affect the interest of the real owner therein, it is unconstitutional.

There was no evidence before the court that the defendant Ellen gave to her husband any authority to enter into the contract for the improvement of the street; and the finding of the court that he entered into said contract as her ostensible agent, and in her behalf, is not sustained by the evidence.

The plaintiff also offered evidence tending to show that the defendant Ellen knew of the work while it was being performed, and neither made objection thereto nor gave any notice to it that she would not be responsible therefor, and has argued that, by reason thereof, it is entitled to enforce the lien.   Section 1192 of the Code of Civil Procedure, however, limits the right of lien in such cases to " every building or other improvement mentioned in section 1183" in the code; and section 1191, which alone provides for a lien upon a lot for the work done in improving the street in front of such lot, contains no provision of this nature.

The judgment and order denying a new trial are reversed.

Temple, J., Henshaw, J., McFarland, J., Van Fleet, J., and Garoutte, J., concurred.