[S. F. No. 2066.    Department Two. — May 29, 1901.]

SANTA CRUZ ROCK PAVEMENT COMPANY, Respondent, v. ELLEN LYONS and J. M. LYONS, Appellants.

MECHANIC'S LIENS — IMPROVEMENT OF STREET — CONSTRUCTION OF CODE — "REQUEST OF REPUTED OWNER." — Section 1191 of the Code of Civil Procedure, purporting to give a lien for a street improvement, made "at the request of the reputed owner of any lot," is to be reasonably construed, as intended to cover the case of the request of the *real* owner, as well as the request of the merely *reputed* owner, of the lot.

ID. — PARTIAL UNCONSTITUTIONALITY — LIEN AS TO REAL OWNER — AMENDMENT OF CODE — REPEAL NOT EFFECTED. — The partial unconstitutionality of section 1191 of the Code of Civil Procedure, in so far as it provides a lien for street-work done at the mere request of a reputed owner, without the consent, or authority, or proved estoppel *in pais*, of the real owner, does not affect the validity of a lien for such work done at the request of the real owner. The amendment of 1897 to that section did not effect the repeal of the lien of the real owner, but is to be construed with the same effect as the prior provision.

ID. — REPEAL BY IMPLICATION — AMENDED SECTION. — Repeals by implication are not favored, and cannot be effected by a provision which is devoid of constitutional force; and the portions of an amended section which are copied without change are not to be deemed repealed and again re-enacted, but to have been continued as the law.

ID. — OWNERSHIP OF WIFE — REPUTED OWNERSHIP OF HUSBAND — AGENCY OF HUSBAND — SUPPORT OF FINDING. — Where a wife was the real owner of the lot in question, as her separate property, but the husband was the reputed owner thereof, and made the contract for the street-work, and the court found that he entered into the contract both individually and as the ostensible agent of his wife, and in her behalf, and that she had full knowledge of the contract and its performance, and did not object thereto, the finding of such agency will not be disturbed upon appeal, where the evidence is conflicting.

ID. — NOTICE OF CONTRACT — CONSTRUCTION OF CODE — QUESTIONS OF AGENCY AND ESTOPPEL. — Although the notice required to be given by the owner, under section 1192 of the Code of Civil Procedure, does not apply to a case arising under section 1191 of that code, yet the fact that the wife, as the real owner, had notice that the street-work was going on under a contract made by her husband, and made no objection thereto, would bear upon the questions of agency and estoppel.

Id. — Honest Statements in Claim of Lien — Reputed Ownership — Claim and Consent of Wife. — Where the claim of lien stated that the husband was the reputed owner of the lot, and that the wife claimed some rights therein, and had full knowledge of the signing of the contract, and agreed to the same being done, and the evidence tended to show that plaintiff was justified in assuming that the husband was the reputed owner of the lot, any honest mistake in the claim of lien as to the real ownership cannot vitiate the lien.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

William H. Jordan, for Appellants.

Alex. G. Eells, for Respondent.

CHIPMAN, C. — Action to enforce a lien for street-work, claimed under the mechanic's lien law.   Plaintiff had judgment, from which defendants appeal, on bill of exceptions.

This is the second appeal of the case.   In the first appeal the judgment for plaintiff was affirmed in Department (*Santa Cruz Rock Pav. Co.* v. *Lyons*, 43 Pac. Rep. 599); on rehearing in Bank, the judgment was reversed on the ground that section 1191 of the Code of Civil Procedure is unconstitutional, in so far as it attempts to impose a lien on land by virtue of an agreement on the part of one who is merely reputed to be the owner of such land.   (*Santa Cruz Rock Pav. Co.* v. *Lyons*, 117 Cal. 212.[1])

1. Appellants claim that the effect of the decision is to leave no law in force creating a lien for the street-work.   The argument is, that by the amendment of 1887 the section as it read in 1885 was repealed, and as the court holds it to be unconstitutional as it now reads, there is no longer any lien provided for, or remedy given to enforce any lien.

Section 1191, as amended in 1887, and as it now reads, is as follows: "Any person who, at the request of the reputed owner of any lot in any incorporated city or town, grades, fills in, or otherwise improves the same, or the street or sidewalk in front of or adjoining the same, *or constructs any areas, or vaults, or cellars, or rooms, under said sidewalk, or makes any improvements in connection therewith,* has a lien upon such lot for his work

[1] 59 Am. St. Rep. 174.

done and materials furnished." As the section stood in 1885 it read as above, omitting the words in italics.

It is unreasonable to suppose that the legislature intended to take the lien from the person who furnished labor or material where he contracts with the *owner* of a lot, and yet to give him a lien where he contracts with the *reputed owner*, who is not the real owner of a lot. Before we should hold that the statute was enacted with any such absurd intention, some rule of construction must be pointed out that would compel it. It is altogether reasonable to believe that the legislature intended to retain the lien where the owner makes the contract, and to give, also, a lien where the *reputed* owner makes the contract. If the legislature failed in the latter object, it does not necessarily follow that the law as it previously stood was repealed. Repeals by implication are not favored, and it is a rule that no repeal by implication can result from a provision in a subsequent statute, when that provision is itself devoid of constitutional force. (*McAllister* v. *Hamlin,* 83 Cal. 361; *County of Orange* v. *Harris,* 97 Cal. 600.) A still further rule was stated in *People* v. *Sutter Street Ry. Co.,* 117 Cal. 604, as follows: "The portions of the amended section which are copied without change are not to be considered as repealed and again reenacted, but to have been the law all along." (Pol. Code, sec. 325.) In a recent case the rules of construction were quite fully stated and the authorities cited. (*People* v. *Pacific Imp. Co.,* 130 Cal. 442.) It was said on the former appeal: "The owner of real property may, by his acts or conduct, be estopped from questioning the acts of a reputed owner of such property, and may be bound by the acts of such reputed owner; but, in the absence of the elements of an estoppel, he will not be bound by the unauthorized acts of one who·is merely reputed to be the owner." (*Santa Cruz Rock Pav. Co.* v. *Lyons,* 117 Cal. 212.[1])

This could not be so if the section as it stood in 1885 was repealed by the amendment of 1887, for if there is no law making a lien where the owner contracts for the work, nothing a reputed owner could do with the authorization of the owner would create the lien; the reputed owner could not · create the lien if the owner could not. But appellants contend that the portion of the decision last above quoted is *obiter,* and can-

[1] 59 Am. St. Rep. 174.

not be taken as authority; and it is urged that what was said in *Mack* v. *Jastro*, 126 Cal. 130, applies here, namely: "It is not so much a repeal by implication as it is that the legislature having made a new and complete expression of its will upon the subject, this last expression must prevail, and whatever is excluded therefrom must be ignored." We have examined the case of *Mack* v. *Jastro*, 126 Cal. 130, and the cases cited in the opinion. They are all instances where the rule as to repeals by implication could not by any possibility be applied, because the legislative intent was unmistakably shown to be that the later law should supersede the former law, in which case it is true that it is not a question of repeal by implication, but it is a question of enforcing the will of the legislature last expressed on the very same subject.

Our mechanic's lien law was first enacted in 1868 (Stats. 1867–68, p. 589.) Section 9 of that act gave the lien here contended for, and the section was carried into the Code of Civil Procedure upon its adoption in 1872, and became section 1184. It so remained unchanged until 1885 (Stats. 1885, p. 143), when it became section 1191 of the Code of Civil Procedure, and was amended by adding the words "or sidewalk" after the word "street." By the act of 1887, four sections of the code, relating to mechanic's liens, including section 1191, were amended, leaving the other sections untouched. · There has been no general revision of the mechanic's lien law since the adoption of the codes, but changes have been made by amendments and modifications of and additions to the various sections. The law deals with the owner of the land in most instances, but in some cases it is provided that the owner and any person having an interest in the land shall be bound where the improvement is made with his knowledge, unless he shall within a certain time give the notice required by statute (Code Civ. Proc., sec. 1192); but at no time has the law been that the owner could not make the contract out of which a lien would arise. We cannot believe that the legislature intended to repeal the law as it has stood for a third of a century, and deprive laborers and material-men of a lien heretofore given, which is in such entire harmony with the general purpose of the law and of the constitution of the state. No such repeal has been made, except it be by implication, and we do not think that any such consequence has resulted from the amendment in question.

2. It is contended that the evidence is insufficient to establish the alleged agency of defendant J. M. Lyons in acting for his co-defendant wife, Ellen Lyons. The court found that the lot in question belonged to Mrs. Lyons as her separate property, but that her husband individually was the reputed owner thereof. The court also found: "That whilst said James M. Lyons was so the reputed owner of said lot of land, he requested said plaintiff to do the work hereinafter named, and he, both in his own individual behalf, and as the ostensible agent of his wife, Ellen, and in her behalf, though in his own name, entered into a written contract with the plaintiff for the performance of the same," etc.

Again, it is found: "That said defendant Ellen Lyons had full knowledge of said contract and of the performance of said work, and that she did not, within three days after having obtained knowledge thereof, nor at all, give notice that she would not be responsible for the same, by posting notice, . . . or at all." As the case was presented on the first appeal, and as first decided, the evidence went in on the theory that the lien would hold if the contract was made by the reputed owner. (*Santa Cruz Rock Pav. Co.* v. *Lyons,* 43 Pac. Rep. 599.) The question of agency was not then considered. At the last trial much additional evidence was taken, and particularly to show that the husband was acting as the agent, actual or ostensible, of his wife. Upon this point there is a conflict in the evidence. The testimony of both husband and wife is that the husband acted without any direct authority from his wife. The evidence adduced on behalf of plaintiff is largely circumstantial, although there is some evidence quite directly to the point that the husband had authority from his wife, and the husband testified that he told her he had signed the contract for the work not long after the work was started, and it is not pretended that she took any steps to disavow his act or to disclaim personal liability for the work.

The court held, in the former appeal, that the notice required to be given by the owner under section 1192 of the Code of Civil Procedure did not apply to a case arising under section 1191, but was limited to cases arising under section 1183. Still, the fact that Mrs. Lyons had notice that the work was going on under a contract made by her husband, and made no objection to it, would bear upon the question of agency and estoppel. There is, we think, sufficient evidence to support

the finding that the contract was made on behalf of Mrs. Lyons, and by her husband as her agent, ostensible or actual.

3. It is contended that the evidence fails to support the allegation in the notice of lien as to reputed ownership. The statement was: "The said Ellen Lyons had full knowledge of the signing of said contract, and agreed to the same being done, and claims some rights in the property, but at all the times herein mentioned said James M. Lyons was and now is reputed to be owner of said lot of land." There is evidence tending to show that plaintiff was justified in assuming that Mr. Lyons was the reputed owner, and plaintiff states, also, that Mrs. Lyons claimed some rights in the property. If plaintiff made any mistake in thus stating the ownership, it was an honest one, and in no sense was it fraudulently made, or made for the purpose of deceiving any person, and the mistake could not prejudice his right to a lien. There was a substantial compliance with the requirements of section 1187 of the Code of Civil Procedure. It has been held here that if the lien-holder in good faith "gives the name of the reputed owner, he shall not lose his lien if he shall afterward ascertain that some other person was the owner." (*Corbett* v. *Chambers*, 109 Cal. 178.)

4. Appellants call attention to several alleged errors of law committed by the trial court, relating to the admission of evidence offered by plaintiff. We are not informed by the brief of the grounds of objection, further than as they appear in the transcript when the objections were made. We have examined the transcript at the points indicated and find no ruling that, in our judgment, could have prejudiced defendants' case.

The general demurrer to the complaint is urged on the ground, principally, that there is now no law authorizing the lien. The view already expressed disposes of that question.

We advise that the judgment be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.