[Civ. No. 3337. First Appellate District, Division One.—May 14, 1920.]

A. G. RAISCH et al., Respondents, v. GEORGE P. HEL-FRICH, Defendant; AMERICAN LAND & TRUST COMPANY, Appellant.

[1] STREET LAW—FORECLOSURE OF LIEN—PRIVATE CONTRACT—KNOWL-EDGE OF VENDOR OF PROPERTY—EVIDENCE—FINDING.—In this action to foreclose a lien for street work done under a private contract entered into with the vendee in possession under a written install-ment contract of purchase, the evidence was sufficient to support the finding of the trial court that the vendor of the property, who did not sign the contract to do the street work but whose president and general manager, upon being informed by the street contrac-tors as to such contract and the nature and kind of the intended street work, expressed himself as pleased and said "it was a fine thing to do, to have the street paved with asphalt, and to go ahead and do the work," had knowledge of the work before, at, and dur-ing the course of the performance of the contract.

[2] ID.—ESTOPPEL—FAILURE TO FILE NOTICE OF NONRESPONSIBILITY—APPLICATION OF CODE SECTION TO STREET WORK.—By the amend-ment in 1911 of section 1192 of the Code of Civil Procedure, the legislature extended the statutory estoppel created by that section, on account of the owner's failure to file a notice of nonresponsibil-ity, to street work liens under section 1191 of said code.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Barrows for Appellant.

J. E. Manning for Respondents.

KOFORD, J., pro tem.—This is an appeal from a judg-ment and decree of the superior court foreclosing a lien for street work done under private contract. Plaintiffs, the contractors, secured the signature of defendant Helfrich to a written contract for the street work. Defendant Helf-rich, or at least his wife, was at the time in possession under a written installment contract of purchase, under

which the appellant company was selling the lot in question. After obtaining the signature of Helfrich to the street work contract, plaintiffs, at the suggestion of Helfrich, called upon the president and general manager of the appellant company, informing him of the contract with Helfrich and other property owners on the street, and of the nature and kind of the intended street work. The president and manager did not sign the contract, but expressed himself as pleased, and said, ''It was a fine thing to do, to have the street paved with asphalt, and to go ahead and do the work.''

The street work was thereafter done according to the contract, was accepted, and in due time a notice of claim of lien was duly filed of record. Before this action was tried, the purchaser of the lot, Helfrich, defaulted in his payments, and the appellant retook the lot and became the owner thereof.

The action resulted in a judgment against appellant on the theory of the estoppel created by Code of Civil Procedure, section 1192, namely, on account of the owner's failure to file a notice of nonresponsibility.

[1] Appellant attacks the judgment on two grounds. First, that there was no evidence that it had knowledge that said work *was being done* at any time, but that the evidence only established that it knew the work was going to be done. The finding on this point is that appellant ''had knowledge before, at, and during the course of the performance of the contract.'' We think the evidence sufficient. As was said in *Harmon Lumber Co.* v. *Brown,* 165 Cal., at page 197, [131 Pac. 368] : ''The knowledge which will subject the owner to this burden is not alone actual knowledge. Constructive knowledge, i. e., notice of circumstances which would put a prudent man on inquiry as to the fact in question (Civ. Code, sec. 19), is equally potent to bind the owner'' (citing cases).

We think the evidence measures up well to this test.

[2] Appellant next contends that Code of Civil Procedure, section 1192, does not relate to street work. This section, as amended in 1911, reads: ''Every building or other improvement or work *mentioned in any of the preceding sections* of this chapter, constructed, altered or re-

paired *upon any land* with the knowledge of the owner,''
etc.

Appellant draws attention with emphasis to the words
''upon any land,'' and says that street work is not done on
the land. He also cites *Santa Cruz Rock Pavement Co.* v.
*Lyons,* 117 Cal. 212, [59 Am. St. Rep. 174, 48 Pac. 1097].
This case was decided before Code of Civil Procedure, sec-
tion 1192, was amended in 1911, and at that time it read,
''Every building or other improvement mentioned in sec-
tion 1183 of this code, constructed upon any land with the
knowledge of the owner,'' etc. It is quite obvious that the
legislature by the amendment of 1911, by striking out ''men-
tioned in section 1183 of this code,'' and inserting ''men-
tioned in any of the preceding sections of this chapter,'' in-
tended to extend the operation of this statutory estoppel
to street work liens under section 1191 of the Code of Civil
Procedure. The construction contended for by appellant
would violate the express language of the section as
amended.

The judgment appealed from is therefore affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on July 13, 1920, a majority of the
Justices not having assented to the granting thereof.