[Civ. No. 11753.   Second Appellate District, Division One.—April 17, 1939.]

GEORGE Y. HAMMOND, Appellant, v. OMAR'S DOME (a Corporation) et al., Respondents.

Newby & Newby for Appellant.

Hanna & Morton for Respondents.

YORK, P. J.—On August 25, 1937, appellant commenced the instant action to abate a nuisance resulting from the alleged illegal sale of alcoholic beverages at 436–438–440 South Hill Street, in the city of Los Angeles, pursuant to the provisions of the Unlawful Liquor Sales Abatement Act (Act 3778, Gen. Laws, Stats. 1915, p. 236).   The complaint alleged that defendants, in violation of section 22, article XX of the Constitution (as amended Nov. 6, 1934), and in violation of subdivision "m" of section 2, and of section 53 of the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, as amended by Stats. 1937, pp. 1934, 2126), "are maintaining and conducting upon the premises herein described a public saloon, public bar and public barroom, in which intoxicating liquors (other than beers) are being unlawfully sold and served to the general public".

A general and special demurrer to the complaint was sustained without leave to amend, and thereafter, the court having denied appellant's motion for permission to file an

amended complaint, a judgment of dismissal was entered. This appeal is taken from such judgment.

The facts in the instant case are the same in legal effect as the facts alleged in the complaint in the case of *Hammond* v. *McDonald et ux,* Civil No. 11752 (*ante,* p. 187 [89 Pac. (2d) 407]) this day decided. ▓ The principles of law involved herein are identical with those involved in the case to which reference has just been made. For the reasons stated in the opinion in that case, the judgment of dismissal herein is reversed, and the trial court is directed to permit the filing of appellant's amended complaint.

Doran, J., and White, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1939. Langdon, J., voted for a hearing.