[Civ. No. 11752. Second Appellate District, Division One.—April 17, 1939.]

GEORGE Y. HAMMOND, Appellant, v. VERNON McDONALD et al., Respondents.

Newby & Newby for Appellant.

Hanna & Morton for Respondents.

YORK, P. J.—On August 25, 1937, appellant commenced the instant action to abate a nuisance resulting from the alleged illegal sale of alcoholic beverages at 2700 East Compton Avenue, in the city of Compton, California, pursuant to the provisions of the Unlawful Liquor Sales Abatement Act (Act 3778, Gen. Laws, Stats. 1915, p. 236). The complaint alleged that defendants, in violation of section 22, article XX of the Constitution (as amended Nov. 6, 1934); and in violation of subdivision "m" of section 2, and of section 53 of the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, as amended by Stats. 1937, pp. 1934, 2126), "are maintaining and conducting upon the premises herein described a public saloon, public bar and public barroom, in which intoxicating liquors (other than beers) are being unlawfully sold and served to the general public".

A general and special demurrer to the complaint was sustained without leave to amend, and thereafter the court having denied appellant's motion for permission to file an amended complaint, a judgment dismissing the action was entered.

This appeal from such judgment presents for determination the following questions: "Did the complaint state a cause of action for the abatement of a nuisance? And did the court err in refusing to grant plaintiff's petition for leave to amend his complaint?"

Respondents urge that the Unlawful Liquor Sales Abatement Act (referred to herein as Act 3778 and the 1915 law), has been repealed and therefore appellant has no right of action based upon it. In support of this theory, it is maintained that the 1915 law is repugnant to and inconsistent with section 22, article XX of the Constitution and the Alcoholic Beverage Control Act, which, taken together, set up a complete and comprehensive system regulating and controlling liquor traffic in this state.

Act 3778 (Stats. 1915, p. 236) declares that "Every building or place used for the purpose of unlawfully selling, serving or giving away any spirituous, vinous, malt or other alcoholic liquor, and every building or place wherein or upon which such liquors are unlawfully sold, served or given away, is a nuisance which shall be enjoined, abated and prevented as hereinafter provided, whether the same be a public or a private nuisance. Whenever there is reason to believe that such nuisance is kept, maintained or exists . . . the district attorney . . . in the name of the people . . . must, or any citizen of the state resident within said county . . . in his own name may, maintain an action in equity to abate and prevent such nuisance and to perpetually enjoin the person or persons conducting or maintaining the same. . . . "

Section 22, article XX of the Constitution provides that "Intoxicating liquors, other than beers, shall not be consumed, bought, sold or otherwise disposed of for consumption on the premises, in any public saloon, public bar or public barroom within the State; *provided, however,* . . . all intoxicating liquors may be kept and may be bought, sold, served, consumed, and otherwise disposed of in any *bona fide* hotel, restaurant, cafe, cafeteria . . . or other public eating place."

Subdivision (m) of section 2 of the Alcoholic Beverage Control Act expressly prohibits a public bar, public saloon, or public barroom and defines the same as "any room to which the public has access in which there is any bar, counter or other structure over which beverages of an alcoholic content in excess of four per cent by weight are sold or served by the drink to the public for consumption on the premises; provided, however, that counters or other structures used for the sale, service and consumption of meals, and not as a subterfuge for a public bar, shall not be deemed to be a public bar within the meaning of this act".

Section 53 of said act provides that "Every person who sells, serves or otherwise disposes of any alcoholic beverage, except beer . . . over or at any public bar or in any public barroom for consumption on the premises, shall be guilty of a misdemeanor."

Appellant contends that the 1915 statute provides an additional statutory remedy by a suit in equity to abate a nuisance resulting from the unlawful sale of intoxicating liquors, and that there could be no possible conflict between

said statute and the regulatory and license system for lawful liquor traffic, as provided by the Constitution and the Alcoholic Beverage Control Act, *supra*.

The purpose of the 1915 statute, as expressed in its title, is as follows: "An act declaring all buildings and places nuisances, wherein or upon which any spirituous, vinous, malt or other alcoholic liquor is unlawfully sold, served or given away, or which are used for the purpose of unlawfully selling, serving or giving away such liquors; and providing for the abatement of such nuisances."

The purpose of the Alcoholic Beverage Control Act as set forth in its title is as follows: "An act to license, regulate and control the manufacture, transportation, sale, purchase, possession and disposition of alcoholic beverages; to levy an excise tax on the sale of alcoholic beverages; to provide for the licensing of the manufacture, distribution and sale of alcoholic beverages; to promote temperance in the use of alcoholic beverages; to adopt and enforce unfair trade practice regulations and price posting provisions regulating the sale of alcoholic beverages; to prescribe penalties for the violation of this act; to take effect immediately."

Section 1 of said Alcoholic Beverage Control Act, as amended in 1937 (Stats. 1937, p. 2126) declares: "This act shall be deemed an exercise of the police powers of the state, for the protection of the safety, welfare, health, peace and morals of the people of the state; to eliminate the evils of unlicensed and unlawful manufacture, selling and disposing of alcoholic beverages, and to promote temperance in the use and consumption of alcoholic beverages; and it is hereby declared that the subject matter of this act involves in the highest degree the economic, social and moral well-being and the safety of the state and of all its people; and all provisions of this act shall be liberally construed for the accomplishment of these purposes. This act is known and may be cited as the 'Alcoholic Beverage Control Act'."

Section 69 thereof presents a schedule of repeals, enumerating and expressly declaring repealed various code sections and statutes dating from the year 1855 to and including the year 1933, but no mention is made of the 1915 statute which is here under consideration.

By section 22, article XX, of the Constitution, as amended November 6, 1934, "All constitutional provisions and laws inconsistent with the provisions hereof are hereby repealed."

A brief history or survey of legislation affecting the regulation of liquor traffic is given in volume 7 of California Jurisprudence Supplement at page 202: "Prior to the enactment of the Eighteenth Amendment to the United States Constitution, the right of regulation of traffic in alcoholic liquors was exercised by the state or under the authority of the state by local legislative bodies and by local option. (*Sandelin* v. *Collins,* 1 Cal. (2d) 147 [33 Pac. (2d) 1009, 93 A. L. R. 956].) These rights of regulation were superseded by the federal law and the enactment of the State Prohibition Enforcement Act, commonly known as the Wright Act. (Stats. 1921, p. 79.) The Wright Act was repealed by an initiative measure approved at the general election held November 8, 1932. At the same election, section 22, providing for liquor regulation was added to article XX of the state Constitution. In 1933, the legislature enacted the state Liquor Control Act, to become effective upon the repeal of the Eighteenth Amendment (Stats. 1933, p. 1697), and enacted other statutes relating to the regulation and taxation of intoxicating liquors. The Eighteenth Amendment to the United States Constitution was repealed by the Twenty-first Amendment, effective December 5, 1933 (*Sandelin* v. *Collins,* 1 Cal. (2d) 147 [33 Pac. (2d) 1009, 93 A. L. R. 956].) Amendments have been made both to article XX, section 22, of the Constitution (November 6, 1934), and to the Liquor Control Act. (Stats. 1935, chap. 320.) In 1935 the legislature passed the Alcoholic Beverage Control Act, which is designed to supersede prior statutes relating to the regulation and control of liquor. (Stats. 1935, chap. 330.)"

In 1915, when the Liquor Abatement Act, which we are here considering, was enacted, California was dealing with the liquor problem under a license system with a state-wide local option law also in effect. After the repeal of the Prohibition Act by the adoption of section 22 of article XX and the enactment of the state Liquor Control Act, this state thereby partially restored its former regulatory and license system and vested control in a state board rather than in local political units, but there has never been any express repeal of the 1915 statute which gives to a private citizen the right to abate as a nuisance premises wherein intoxicating liquor is unlawfully sold, served or given away.

Respondents urge that because the 1915 law is repugnant to and inconsistent with subsequent legislation that this constitutes an implied repeal thereof.

■ It is an elementary rule of law that the repeal of statutes by implication is not favored. (*Boyd* v. *Huntington*, 215 Cal. 473 [11 Pac. (2d) 383], *Washington Lumber & Millwork Co.* v. *McGuire*, 213 Cal. 13 [1 Pac. (2d) 437], *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327], and cases therein cited.) This is especially true where the prior enactment has been judicially construed and is generally understood and acted upon. Likewise, in the absence of express terms it will be presumed that the legislature did not intend by a later act to repeal a former one, if by a fair and reasonable construction effect can be given to both. To overcome this presumption, the two acts must be irreconcilable—i. e., clearly repugnant—as to the vital matters to which they relate, and so inconsistent that the two cannot have concurrent operation, or it must be apparent that the later statute is a revision of the entire subject-matter and designed as a substitute for the earlier act, or the intent to effect a repeal must be otherwise expressed in unmistakable language. (*Lillywhite* v. *Superior Court*, 80 Cal. App. 533 [251 Pac. 945].) Accordingly, where there are two laws upon the same subject, they will, if reasonably possible, be so construed as to maintain the integrity of both, the courts being bound to uphold the prior act if the two may well subsist together. (*People* v. *Leong Fook*, 206 Cal. 64 at 70 [273 Pac. 779]; *People* v. *Carter*, 131 Cal. App. 177 [21 Pac. (2d) 129]; 23 Cal. Jur. 696.)

In the case of *Boyd* v. *Huntington*, 215 Cal. 473, at 482 [11 Pac. (2d) 383], it is stated: "Every statute must be construed in connection with the whole system of which it forms a part and in the light of previous statutes upon the subject. Repeals by implication are not favored. A statute will not be construed as repealing prior acts on the same subject in the absence of words to that effect unless there is an irreconcilable repugnancy between them or unless the new law is evidently intended to supersede all prior acts relating to the legislation and to comprise in itself the sole and complete system of legislation upon the subject. So every new statute should be construed in connection with those already existing in relation to the same subject matter,

and all should be made to harmonize and stand together if that can be done by any fair and reasonable interpretation."

It is stated in *Washington Lumber etc. Co.* v. *McGuire*, 213 Cal. 13, at 17 [1 Pac. (2d) 437]: "Defendant's contention is, in effect, that the provisions of section 3440, in so far as they apply to motor vehicles, were repealed by implication upon the enactment of section 34 of the California Vehicle Act. Section 3440 in terms covers 'every transfer of personal property' with certain enumerated exceptions. It is a commonplace observation that repeals by implication are not favored and that there must be an irreconcilable conflict between two statutes before the later will be deemed to have repealed the earlier. (*Fay* v. *District Court of Appeal*, 200 Cal. 522 [254 Pac. 896]; . . .) The two statutes which we are examining are not irreconcilable. Section 45 of the Vehicle Act after stating the manner in which the certificate of ownership shall be endorsed and sent to the division of motor vehicles for registration, goes on to provide: . . . The meaning of this language is quite plain: The formalities specified in the act cannot be disregarded, and no other formalities will operate to pass title to a motor vehicle. But it does not follow that the formalities required by the act intended to do away with all statutory requirements on sales of personal property generally. In other words, because these formalities are *essential* to the transfer of title is no ground for concluding that they are *exclusive* of all restrictive provisions." (Emphasis added.)

Again, in the case of *Penziner* v. *West American Finance Co.*, 10 Cal. (2d) 160 [74 Pac. (2d) 252], in which it was contended that the Usury Law of 1918 was repealed by the adoption in November, 1934, of section 22 of article XX of the Constitution (which had reference to the subject of usury and is designated proposition No. 2 to differentiate it from the section here under consideration with reference to liquor control). In discussing this point, it was there said at page 176: "The presumption is against repeals by implication, especially where the prior act has been generally understood and acted upon. To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together. Where a modification will suffice, a repeal will not be presumed.

(*Santa Cruz Rock Pavement Co.* v. *Lyons,* 133 Cal. 114 [65 Pac. 329] ; *Smith* v. *Mathews,* 155 Cal. 752, 758 [103 Pac. 199] ; *In re Johnson,* 167 Cal. 142 [138 Pac. 740] ; *Crooks* v. *People's Finance Co.,* 111 Cal. App. (Supp.) 769 [292 Pac. 1065] ; *Beneficial Loan Soc.* v. *Haight,* 215 Cal. 506 [11 Pac. (2d) 857].)''

A reading of the constitutional amendment and the Alcoholic Beverage Control Act, especially sections 1 and 53 thereof, indicates that it was the intention of the people, as well as of the legislature, to prevent the return of the public saloon or barroom to the social life of California after the repeal of the Eighteenth Amendment to the federal Constitution. It was apparently with that idea in mind that the amendment was adopted and the statute enacted prohibiting the disposal of intoxicating liquors, other than beer, for consumption by the general public upon the premises, except when served with meals. The 1915 statute is entirely consistent with such viewpoint, and was obviously continued in effect in order to give a supplemental or additional remedy by which the sale of intoxicating liquor to the general public in a public saloon or barroom could be restrained through a civil suit in equity.

There is every reason to believe that had the legislature so intended, it would have included the 1915 statute in its lengthy schedule of specific repeals, as set out in section 69 of the Alcoholic Beverage Control Act.

For the foregoing reasons, it necessarily appears that the statute of 1915 is still in full force and effect and has never been repealed or superseded.

While it is true as contended by respondents, that under the provisions of section 40 of the Alcoholic Beverage Control Act, complaints may be addressed to the board of equalization for the purpose of revoking or suspending licenses, they fail to point out any provision which makes that an exclusive remedy. As hereinbefore stated, it is the opinion of this court that the 1915 statute provides an additional remedy whereby a private individual may without undue delay abate as a nuisance that which might be termed a flagrant disregard of the avowed intention of the people in general to prevent the illegal sale of intoxicating liquor.

The complaint herein is sufficient as against a general demurrer, although it may be subject to a special demurrer on the ground of uncertainty ; therefore, the motion of appellant

for permission to file his amended complaint should have been granted.

The judgment of dismissal is reversed, and the trial court is directed to permit the filing of said amended complaint.

Doran, J., and White, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1939. Langdon, J., voted for a hearing.