BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE ROSS JOHNSON, MEMBER OF THE STATE SENATE, and THE HONORABLE JOHN CAMPBELL, MEMBER OF THE STATE ASSEMBLY, have requested an opinion on the following question:
May school districts and community college districts pay for printing, handling, translating, and mailing trustee candidate statements contained in the voter's pamphlet?
 CONCLUSION
School districts and community college districts may pay for printing, handling, translating, and mailing trustee candidate statements contained in the voter's pamphlet.
 ANALYSIS
We are asked whether school districts and community college districts may pay for printing, handling, translating, and mailing trustee candidate statements included in the voter's pamphlet. We conclude that payment by the districts may be made in the circumstances presented.
We note at the outset that while the powers of school districts are broad (Cal. Const., art. IX, § 14; Ed. Code, §§ 35160,35160.1), they may not be exercised in a manner that is in conflict, inconsistent with, or preempted by state law. (Cumero v. Public Employment Relations Board (1989) 49 Cal.3d 575, 591; 84 Ops.Cal.Atty.Gen. 5, 8-9 (2001) [school districts]; 81 Ops.Cal.Atty.Gen. 218, 220-221 (1998) [community college districts].) Accordingly, we initiate our analysis by finding what "state law" applies in considering whether public funds may be used to pay for candidate statements included in the voter's pamphlet.
Essentially, we are asked to determine whether there is an inconsistency or conflict among three different statutes in three different codes. The first statute is Elections Code section 13307, which provides as follows:
 "(a)(1) Each candidate for nonpartisan elective office in any local agency, including any city, county, city and county, or district, may prepare a candidate's statement on an appropriate form provided by the elections official. The statement may include the name, age and occupation of the candidate and a brief description, of no more than 200 words, of the candidate's education and qualifications expressed by the candidate himself or herself. However, the governing body of the local agency may authorize an increase in the limitations on words for the statement from 200 to 400 words. The statement shall not include the party affiliation of the candidate, nor membership or activity in partisan political organizations.
 "(2) The statement authorized by this subdivision shall be filed in the office of the elections official when the candidate's nomination papers are returned for filing, if it is for a primary election, or for an election for offices for which there is no primary.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(b) The elections official shall send to each voter, together with the sample ballot, a voter's pamphlet which contains the written statements of each candidate that is prepared pursuant to this section. The statement of each candidate shall be printed in type of uniform size and darkness, and with uniform spacing. . . .
 "(c) The local agency may estimate the total cost of printing, handling, translating, and mailing the candidate's statements filed pursuant to this section. . . . The local agency may require each candidate filing a statement to pay in advance to the local agency his or her estimated pro rata share as a condition of having his or her statement included in the voter's pamphlet. . . .
". . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(e) Before the nominating period opens, the local agency for that election shall determine whether a charge shall be levied against that candidate for the candidate's statement sent to each voter. This decision shall not be revoked or modified after the seventh day prior to the opening of the nominating period. A written statement of the regulations with respect to charges for handling, packaging, and mailing shall be provided to each candidate or his or her representative at the time he or she picks up the nomination papers.
". . . . . . . . . . . . . . . . . . . . . . ."[1]
The application of Elections Code section 13307 to "any local agency" includes school districts and community college districts. (Elec. Code, §§ 328, 1302, , 10600.) "The local agency may require each candidate filing a statement to pay in advance to the local agency his or her estimated pro rata share as a condition of having his or her statement included in the voter's pamphlet." (Elec. Code, §13307, subd. (c).) The word "may" is permissive. (Elec. Code, § 354) Nowhere does Elections Code section 13307 compel the local agency to collect from the candidates the cost of reproducing and distributing candidate statements in the voter's pamphlet. (See Knoll v. Davidson (1974) 12 Cal.3d 335, 352.) In Dutcher v. Olson (1984)153 Cal.App.3d 1189, 1192, the court observed:
 "Finally, we note neither the California Constitution nor the Elections Code requires a public entity to bill candidates for the cost of printing and distributing the statement. The Supreme Court has interpreted [section 13307's predecessor statute] as merely conferring `a power to "bill" at the discretion of the local agency.' (East Bay Municipal Utility Dist. v. Appellate Department [(1979)] 23 Cal.3d 839, 843.) . . . [T]he absence of any absolute requirement for payment by candidates persuades us the Legislature intended local agencies to retain a degree of flexibility because of the strong public policy to promote fair elections."
Hence, the authority under Elections Code section 13307, subdivision (e), to determine "whether a charge shall be levied" for reproducing and distributing candidate statements in the voter's pamphlet grants a local agency the discretion not to collect the costs of printing, handling, translating, and mailing such election informational material.
If Elections Code section 13307 stood alone, we would have little difficulty in reaching our conclusion. However, it does not stand alone. Education Code section 7054, subdivision (a), provides:
 "No school district or community college district funds, services, supplies, or equipment shall be used for the purpose of urging the support or defeat of any ballot measure or candidate, including, but not limited to, any candidate for election to the governing board of the district."
In a similar vein, Government Code section 85300 states:
 "No public officer shall expend and no candidate shall accept any public monies for the purpose of seeking elective office."
Would the use of school district or community college district funds to pay for the distribution of trustee candidate statements included in the voter's pamphlet (Elec. Code, § 13307) be "for the purpose of urging the support or defeat of any . . . candidate" within the meaning of Education Code section 7054 or constitute the expenditure or acceptance of "public monies for the purpose of seeking elective office" within the meaning of Government Code section 85300?
In answering these questions, we are guided by several fundamental precepts of statutory construction. First, when apparent conflicts or inconsistencies appear in separate codes, such codes are to be regarded as blending into each other and constituting a single statute. (Pesce v. Dept. of Alcoholic Bev. Cont. (1958) 51 Cal.2d 310, 312; Meninga v. Raley's Inc. (1989) 216 Cal.App.3d 79, 90; Pacific Motor Transport Co. v. State Bd. of Equal. (1972) 28 Cal.App.3d 230, 235.) The integrity of both code provisions must be maintained if possible. (Building Material 
Construction Teamsters' Union v. Farrell (1986) 41 Cal.3d 651, 665; Warne v. Harkness (1963) 60 Cal.2d 579, 588; 64 Ops.Cal.Atty.Gen. 894, 897 (1981).) Further, it is assumed that when enacting a statute, the Legislature is aware of existing, related laws and intends to maintain a consistent body of statutes. (Hays v. Wood (1979) 25 Cal.3d 772, 784.) In the absence, therefore, of express terms to the contrary, it will be presumed that the Legislature does not intend by a later act to repeal a former one if, by a fair and reasonable construction, effect may be given to both. (Hammond v. Mc Donald (1939) 32 Cal.App.2d 187; 72 Ops.Cal.Atty.Gen. 51, 54 (1989).) In Hays v. Wood, supra, 25 Cal.3d 772, the court explained:
 ". . . Thus there is a presumption against repeals by implication; they will occur only where the two acts are so inconsistent that there is no possibility of concurrent operation, or where the later provision gives undebatable evidence of an intent to supersede the earlier; the courts are bound to maintain the integrity of both statutes if they may stand together. [Citations.]" (Id. at p. 784.)
Finally, "[w]hen uncertainty arises in a question of statutory interpretation, consideration must be given to the consequences that will flow from a particular interpretation. [Citation.] In this regard, it is presumed the Legislature intended reasonable results consistent with its expressed purpose, not absurd consequences. [Citations.]" (Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1165-1166.)
Applying these rules of construction, we find first that there is no inconsistency or conflict between Elections Code section 13307 and Education Code section 7054 In our view, the costs incurred by a school or community college district for printing, handling, translating, and mailing trustee candidate statements as part of the voter's pamphlet would not be incurred "for the purpose of urging the support or defeat of any . . . candidate. . . ." (Ed. Code, §7054, subd. (a).) All candidates would have their statements paid for by the district. The contents of the statements would not be prepared by the district, but by each of the candidates respectively (Elec. Code, §§ 13307, 13312, ); the reproduction and distribution of the statements would not constitute partisan campaigning for any particular candidate on the part of the district. In 84 Ops.Cal.Atty.Gen. 52 (2001), we recently discussed the purposes of Education Code section7054 in the following terms:
 "We have examined in detail the legislative history of section 7054, particularly with respect to its amendment in 1995 (Stats. 1995, ch. 879, § 2). The evident purpose of the statute is to prevent partisan campaigning by a district; a district's resources are not to be used for political campaigning. `The purpose of this bill is to ensure that public school and community college funds and resources are not used for political purposes.' (Sen. Appropriations Com., Rep. on Sen. Bill No. 82 (1995-1996 Reg. Sess.) as amended May 1, 1995, p. 1.) `This bill prohibits the use of local education agency funds for purposes of urging the support or defeat of any ballot measure or candidate, as is the law with respect to state, county, city and special district funds.' (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 82 (1995-1996 Reg. Sess.) as amended May 18, 1995, p. 1.) `Taxpayers' money should not be used for political purposes, whether in state, county, city, special district or school district elections." (Assem. Com. on Public Safety, Rep. on Senate Bill No. 82 (1995-1996 Reg. Sess.) as amended July 1, 1995, p. 3.) `This bill recognizes the difficulty in prohibiting speech by school employees or officials while working regarding a bond measure or other ballot measure, amending Education Code section 7054 to prohibit the use of school and community college resources in supporting or opposing ballot measures." (Sen. 3d reading analysis of Sen. Bill No. 82 (1995-1996 Reg. Sess.) as amended August 29, 1995, p. 2.)" (Id. at pp. 53-54.)
Simply put, paying the costs of distributing all trustee candidate statements included in the voter's pamphlet cannot be said to be "campaigning" for any particular candidate in a "partisan" manner so as to constitute a violation of Education Code section 7054
Similarly, we find no inconsistency or conflict between Elections Code section 13307 and Government Code section 85300.[2]
Rather, the reference in the latter statute is to costs incurred in the course of a political campaign. (See Cal. Code Regs., tit. 2, §2:18530; County of Sacramento v. Fair Political Practices Com. (1990)222 Cal.App.3d 687, 692-693.) Again, no partisan campaigning on behalf of any particular candidate may be found where public funds are being used merely to reproduce and distribute all candidate statements as part of the voter's pamphlet.
Our interpretation of the three statutes gives effect to each while avoiding absurd consequences. It would be plainly unreasonable to suggest that the listing of the names and occupations of the candidates in the voter's pamphlet (Elec. Code, § 13000; Gov. Code, §13307, subd. (b)) should be barred under the terms of Government Code section 85300 or that a county or school district could not spend any funds in connection with the conduct of an election without violating the statute, notwithstanding the comprehensive statutory scheme authorizing such conduct.[3] We interpret Elections Code section13307, Education Code section 7054, and Government Code section 85300 in a reasonable manner, giving effect to each.
We conclude that school districts and community college districts may pay for printing, handling, translating, and mailing trustee candidate statements contained in the voter's pamphlet.
[1] The "elections official" would normally be the county clerk or the registrar of voters having jurisdiction to conduct the election. (Elec. Code, § 320)
[2] Because of the conclusion reached herein, we need not consider the constitutionality of Government Code section 85300. (See Johnson v. Bradley (1992) 4 Cal.4th 389, 414-420 (conc. dis. opn. of Mosk, J.).)
[3] The county clerk or the registrar of voters performs the duties incident to the preparation for, and holding of, all district elections. (Elec. Code, §§ 10502, 10600-10603, ; Ed. Code, § 5303) The costs of such elections are to be borne by the district, out of its own funds, payable to the county. (Elec. Code, § 13001; Ed. Code, §§ 5421-5426; County of Yolo v. Los Rios Community College District (1992) 5 Cal.App.4th 1242,1250-1252.) Such costs include the cost of printing and mailing sample ballots and statements. (Ed. Code, § 5420)